

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00095-CV

_____

KRISTINA HEAD A/K/A KRISTINA ROBINSON, Appellant

V.

CHICORY MEDIA, LLC D/B/A STARCASM.NET;
AMERICAN MEDIA, INC. D/B/A STAR MAGAZINE, Appellees

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0040

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Kristina Head, a/k/a Kristina Robinson, filed a notice of appeal from the trial court's dismissal of her claims against Chicory Media, LLC d/b/a Starcasm.net and American Media, Inc. d/b/a Star Magazine pursuant to the Texas Citizen's Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003, 27.005(b) (West Supp. 2012). Head, who is represented by counsel and is not indigent, has failed to provide the appellate record despite this Court's warning that such failure would result in dismissal. We dismiss the appeal for want of prosecution.

On August 23, 2013, we informed Head that "the Clerk's Record and Reporter's Record (if any) [are] due on or before **September 3, 2013.**" On September 23, 2013, we reminded Head that "[t]he record is . . . more [than] twenty days overdue" and gave her "notice and opportunity to cure this defect" as required by Rule 37.3(b) of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.3(b). We warned her that "[i]f we [did] not receive an adequate response within ten days of the date of [the] letter, we [would] dismiss this appeal for want of prosecution." *See* TEX. R. APP. P. 42.3(b), (c). Head's response to our letter was due October 3, 2013.

The extended deadline for providing us with the appellate record has passed. Rather than providing this Court with a record, or otherwise responding to our letter to explain the absence of the record or to show that reasoned measures have been taken to obtain the record. Head's counsel sent the following letter to this Court:

> My client originally provided notice of her appeal on August 5, 2013.
> This notice was filed on that date under the assumption that the order rendered by

2

the trial court on July 26, 2013, was a final and appealable order.[1] However, Appellant now believes that the July 26, 2013 order was not a final and appealable order. Therefore, Appellant believes that her August 5, 2013 notice of appeal was premature.

Subsequent to filing her notice of appeal on August 5, 2013, Appellees filed a motion to award attorney fees pursuant to Texas Civil Practice & Remedies Code section 27.009. A hearing on said motion was held on September 26, 2013 and an order was rendered. As such, Appellant believed that her right to appeal ripened on said date.

Head's theory that a final order in this case is required is flawed. Section 27.008 provides a statutory, interlocutory right of appeal from dismissals under the Texas Citizen's Participation Act.[2] The statute reads, "An appeal or other writ under this section must be filed on or before the 60th day after the date the trial court's order is signed," regardless of the order's disposition. TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a), (c) (West Supp. 2012). The statute further directs appellate courts to "expedite an appeal or other writ, whether interlocutory of not, from a trial court order on a motion to dismiss a legal action under Section 27.003 or from a trial court's failure to rule on that motion in the time prescribed by Section 27.005." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(b) (West Supp. 2012). Thus, the order of dismissal was a separate, appealable order. *See KTRK Television, Inc. v. Robinson*, No. 01-12-00372-CV, 2013 WL 3483773, at *4 (Tex. App.—Houston [1st Dist.] Jul. 11, 2013, pet. filed); *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 307 (Tex. App.—Dallas 2013, pet. filed); *San Jacinto Title Servs. of Corpus Christi, LLC v. Kingsley Props., LP*, No. 13-12-00352-CV, 2013 WL 1786632, at *3 (Tex. App.—Corpus Christi Apr. 25, 2013, pet. filed); *Direct*

---

[1]This Court has not even received the order complained of.

[2]We note that the trial court's order only dismissed claims against two of the four defendants named in Head's lawsuit.

*Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 WL 407029, at \*3 (Tex. App.—Houston [14th Dist.] Jan. 24, 2013, order).[3]

Head has failed to provide this Court with the overdue appellate record and has failed to show this Court that any reasoned effort is being made to obtain such a record.

We dismiss this appeal for want of prosecution.


Bailey C. Moseley
Justice


Date Submitted: October 15, 2013
Date Decided: October 16, 2013

---

[3]If Head had waited to file a notice of appeal from the dismissal order until after the trial court decided the motion for attorney's fees, the notice of appeal would be untimely under Section 27.008(c). A fair reading of Section 27.008 leads us to conclude that the trial court's order awarding attorney's fees constitutes a separate, appealable order.

4