

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MILLER WEISBROD, L.L.P., | § | |
| LAWRENCE LASSITER, | | No. 08-12-00278-CV |
| INDIVIDUALLY, AND LES | § | |
| WEISBROD, INDIVIDUALLY, | | Appeal from the |
| | § | |
| Appellants, | | County Court at Law Number 5 |
| | § | |
| v. | | of El Paso County, Texas |
| | § | |
| | | (TC# 2011-982) |
| JORGE F. LLAMAS-SOFORO, M.D., | § | |
| INDIVIDUALLY, AND JORGE F. | | |
| LLAMAS-SOFORO, M.D., P.A., | § | |
| | | |
| Appellees. | § | |

## **O P I N I O N**

Three Appellants, Lawrence Lassiter, Les Weisbrod, and Miller Weisbrod, L.L.P. (the Law Firm) appeal the denial of their joint Motion to Dismiss ("the Motion"), pursuant to the Texas Citizens' Participation Act ("TCPA"), set forth in Chapter 27 of the Texas Civil Practice and Remedies Code § 27.001 *et seq.* The Motion was filed in response to a lawsuit brought by Jorge F. Llamas-Soforo. Appellants, Lassiter and Weisbrod assert the Texas Civil Practices and Remedies Code § 27.010(b)(West Supp. 2014) does not apply to lawyers as lawyers are not "primarily engaged" in the business of selling services. Appellant, the Law Firm, contends the Motion was timely filed as to the Law Firm and the trial court erred in holding otherwise. For the

reasons set out below, we affirm.

## BACKGROUND

Jorge F. Llamas-Soforo ("Llamas") is an ophthalmologist, who resides and works in El Paso. Llamas treats medical conditions of the eye including Retinopathy of Prematurity ("ROP"), which affects the eyes of prematurely born infants. Dallas attorney Domingo Garcia and his law firm, Domingo Garcia, P.C. represented a number of Llamas' former patients as plaintiffs. Ultimately, Garcia referred them to the law firm, Miller Weisbrod, L.L.P. The Law Firm represented these parties in lawsuits against Llamas in Dallas County and El Paso County. Lawrence Lassiter is an attorney. Les Weisbrod is a partner with Miller Weisbrod and an attorney. The plaintiffs suffered from various levels of blindness which they alleged was the result of Llamas' improper diagnosis and/or treatment of premature babies with ROP.

In March of 2011, Appellants aired fifteen-second television commercials in El Paso regarding the cases against Llamas ("the Advertisement").[1] The purpose of the Advertisement was two-fold: (1) to locate potential clients with negligence claims against Llamas; and (2) to encourage others to come forward and reveal relevant information which would support prosecution of ongoing litigation against Llamas.

The commercials aired in English and Spanish, with narration stating:

| Male Voice: | If your child was treated by Dr. Jorge Llamas-Soforo for retinopathy of prematurity and their vision was damaged or they were left blind by treatment, please call the number on your screen. Your child may be entitled to compensation. |
| --- | --- |
| Female Voice: | We're currently representing children who had bad results by Dr. Jorge Llamas Soforo. We can help you, too. |

---

[1] The clerk's record does not contain a DVD containing the Advertisement, although the trial court record includes the DVD. However, the parties do not dispute the contents of the Advertisement and a transcription of the Advertisement does appear in the clerk's record.

2

Seven lawsuits were eventually filed.

Garcia initially said his firm paid for the Advertisement, however, later he stated that the Law Firm had paid for it. The decision to air the Advertisement was made jointly by Weisbrod and Garcia. Weisbrod suggested the Advertisement should be aired. Lassiter conducted the legal research regarding the Advertisement before it was aired.

On March 15, 2011, shortly after the Advertisement was first aired, Llamas filed a lawsuit against Garcia alleging the Advertisement was "slanderous, defamatory and disparaging." On August 10, 2011, a First Amended Petition was filed which added the Law Firm as a defendant. On March 27, 2012, a Second Amended Petition was filed joining Lawrence Lassiter and Les Weisbrod, individually, as defendants. On May 31, 2012, Appellants filed a motion to dismiss pursuant to the TCPA, under Chapter 27 of the Texas Civil Practice & Remedies Code.

In June 2012, the trial court held a hearing, limiting it to two issues. The first was whether the Motion was timely filed by the Law Firm in accordance with the TCPA. Second, whether Lassiter and Weisbrod are entitled to protection under TCPA or if they were exempt under 27.010(b). Two weeks following the hearing, the trial court issued a written order denying the Motion. In the order, the trial court found the Law Firm had not timely filed their TCPA Motion. The trial court also ruled Weisbrod and Lassiter were not entitled to protection under the TCPA because the exemption set out in Section 27.010(b) applied. Appellants timely filed their notice of appeal within sixty days. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.008(a)(West Supp. 2014).

## DISCUSSION

Appellants present two issues. Appellants, Lassiter and Weisbrod, assert the Texas Civil

3

Practices and Remedies Code § 27.010(b) does not apply to lawyers as lawyers are not "primarily engaged" in the business of selling services. Appellant, the Law Firm, argues the Motion to Dismiss was timely filed as to the Law Firm and the trial court erred in holding otherwise.

Llamas, on the other hand, questions whether the Court of Appeals has jurisdiction over this appeal arguing the TCPA does not authorize this type of interlocutory appeal.[2] We will address the jurisdictional issue first.

**Standard of Review**

A question of statutory construction is a legal one that we review *de novo*. *In re ReadyOne Industries, Inc*., 394 S.W.3d 680, 684 (Tex.App.--El Paso 2012, orig. proceeding), *citing Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When construing statutes, we ascertain and give effect to the legislature's intent. *In re ReadyOne Industries, Inc., 394 S.W.3d at 684.* We do so by looking first and foremost at the statutory text, reading the words and phrases in context and construing them according to the rules of grammar and common usage. *Summers*, 282 S.W.3d at 437; *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex.2006); Tex.Gov't Code Ann. § 311.011 (West 2013). Where statutory text is clear, it is determinative of legislative intent unless the plain meaning of the statute's text would produce an absurd result. *Summers*, 282 S.W.3d at 437. "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011); *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 635 (Tex. 2010).

Our primary objective in construing any statute is to determine the legislature's intent in

---

[2] This was not presented as an issue on appeal, but appears in his argument and comprised the greater portion of his oral argument.

enacting the particular provision, and to give that provision its intended effect. *Emeritus Corporation v. Blanco*, 355 S.W.3d 270, 276 (Tex.App.--El Paso 2011, pet. denied). We must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Emeritus Corp.*, 355 S.W.3d at 276. Each word, phrase, or expression must be read as if it were deliberately chosen, and we will presume that words excluded from a provision were excluded purposefully. *Emeritus Corp.*, 355 S.W.3d at 276; *Gables Realty Ltd. Partnership v. Travis Central Appraisal District*, 81 S.W.3d 869, 873 (Tex.App.--Austin 2002, pet. denied). Our analysis of the statutory text is also informed by the presumptions "the entire statute is intended to be effective" and "a just and reasonable result is intended." *In re S.S.A.*, 319 S.W.3d 796, 799 (Tex.App.--El Paso 2010, no pet.), *quoting* TEX.GOV'T CODE ANN. § 311.021(2) & (3)(West 2013). We are also instructed to consider: (1) the object sought to be attained; (2) circumstances under which the statute was enacted; (3) legislative history; and (4) consequences of a particular construction. *Id*., *quoting* TEX.GOV'T CODE ANN. § 311.023(1), (2), (3), (5).

We may consider TCPA's language and purpose in construing the statute. The Legislature explained its purpose in enacting the TCPA was "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX.CIV.PRAC.&REM.CODE ANN. § 27.002 (West Supp. 2014). We are also directed to "construe liberally to effectuate its purpose and intent fully." TEX.CIV.PRAC.&REM.CODE ANN. § 27.011(b).

5

**Jurisdiction of Interlocutory Appeal**

Llamas asserts the plain language of the TCPA does not authorize an interlocutory appeal of a trial court's order written order granting or denying a motion to dismiss. His position is an interlocutory appeal is only permitted if the trial court fails to rule on a TCPA motion to dismiss. He directs this Court to *Jennings v. WallBuilder Presentations, Inc., ex rel. Barton*, 378 S.W.3d 519 (Tex.App.--Fort Worth 2012, pet. denied) in support of his position that a plain reading of the statute does not explicitly allow for an interlocutory appeal from a written order, only from a trial court's failure to rule and, thus, deprives this court of jurisdiction.

The purpose of the TCPA, is to:

> [E]ncourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time protect the rights of a person to file meritorious lawsuits for demonstrable injury.

TEX.CIV.PRAC.&REM.CODE ANN. § 27.002 (West Supp. 2014).

The TCPA is considered an anti-SLAPP law, designed to provide defendants in so-called SLAPP ("Strategic Lawsuits Against Public Participation") lawsuits the ability to have these suits dismissed early on. House Research Org., Bill Analysis, Tex. H.B. 2973, 82nd Leg, R.S. (2011); Senate Research Ctr., Bill Analysis, Tex. H.B. 2973, 82nd Leg., R.S. (2011). *See, e.g. Jennings*, 378 S.W.3d at 521 n.1.

If a legal action is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action," provided the motion to dismiss is filed not later than "the 60th day after the date of service of the legal action." TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(a) and (b)(West Supp. 2014). A hearing on the motion to dismiss must be set not later than the 30th day after the date of

6

service of the motion. TEX.CIV.PRAC.&REM.CODE ANN. § 27.004(a)(West Supp. 2014). The

trial court must rule on a Chapter 27 motion to dismiss not later than the 30th day following the

date of the hearing on the motion. TEX.CIV.PRAC.&REM.CODE ANN. § 27.005(a)(West Supp.

2014).

Section 27.008 is entitled "Appeal" and provides as follows:

(a) If a court does not rule on a motion to dismiss under Section 27.003 in the time
prescribed by Section 27.005, the motion is considered to have been denied by
operation of law and the moving party may appeal.

(b) An appellate court shall expedite an appeal or other writ, whether interlocutory
or not, from a trial court order on a motion to dismiss a legal action under
Section 27.003 or from a trial court's failure to rule on that motion in the time
prescribed by Section 27.005.

(c) An appeal or other writ under this section must be filed on or before the 60th
day after the date the trial court's order is signed or the time prescribed by
Section 27.005 expires, as applicable.

TEX.CIV.PRAC.&REM.CODE ANN. § 27.008 (West Supp. 2014).

In *Jennings*, the trial court held a hearing on a TCPA motion to dismiss and denied the

motion in a written interlocutory order. 378 S.W.3d at 522. The Fort Worth Court of Appeals

determined it lacked appellate jurisdiction, based on its reading of Section 27.008(a). *Id* at

524-529. The Court found an interlocutory appeal is permitted only if the trial court fails to rule

on the motion within the statutory deadline, thereby resulting in the motion being denied by

operation of law. *Id.* The Court also analyzed Section 27.008(b) and determined, while the

subsection mandates an appeal be expedited, it does not allow for an interlocutory appeal if the

trial court enters an order either denying or granting the motion to dismiss. *Id.* at 525. The

*Jennings* court suggested the filing of a writ of mandamus could provide a possible remedy.

Further, if a trial court denied the motion to dismiss, the party seeking the TCPA dismissal may

7

still utilize a no-evidence summary judgment motion as a possible resolution. *Jennings,* 378 S.W.3d at 525-27. *Jennings* noted the text of Section 27.008 was clear on its face, however, they found that a review of the legislative history did not support the appellant's arguments. *Id.* at 528. *Jennings* dismissed the appeal for lack of jurisdiction but granted a motion requesting the appeal be considered as an original proceeding. *Id.* at 529. *See also Lipsky v. Range Prod. Co.*, No. 02-12-00098-CV, 2012 WL 3600014, at *1 (Tex.App.--Fort Worth Aug. 23, 2012, pet. denied)(mem. op.)(citing *Jennings,*378 S.W.3d at 529)(adopting *Jennings* rationale dismissing appeal for want of jurisdiction); *In re Lipsky,* 411 S.W.3d 530, 538 (Tex.App.--Fort Worth 2013, orig. proceeding).

However, the majority of our sister courts who have considered this argument have rejected *Jennings* and invariably found TCPA conferred appellate jurisdiction over interlocutory appeals either denying or granting a motion to dismiss. *See KTRK TV, Inc. v. Robinson,* 409 S.W.3d 682, 688 (Tex.App.--Houston [1st Dist.] 2013, pet. denied)(finding jurisdiction over order denying motion); *Direct Commercial Funding, Inc. v. Beacon Hill Estates, LLC*, No. 14-12-00896-CV, 2013 WL 407029 (Tex.App.--Houston [14th Dist.] Jan. 24, 2013, order)(finding jurisdiction over order granting motion); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345, 351-52 (Tex.App.--Houston [1st Dist.] 2013, pet. denied)(finding jurisdiction over order denying motion); *KBMT Operating Co., LLC, v. Toledo,* 434 S.W.3d 276, 281 (Tex.App.--Beaumont 2014, pet. filed)(finding jurisdiction over order denying motion); *Avila v. Larrea*, 394 S.W.3d 646, 656 (Tex.App.--Dallas 2012, pet. denied)(finding jurisdiction TCPA motion to dismiss denied by operation of law); *Head v. Chicory Media, LLC,* 415 S.W.3d 559, 560 (Tex.App.--Texarkana 2013, no pet.)(the plain meaning of

8

TCPA allows for interlocutory appeal); *Better Business Bureau of Metropolitan Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d. 299, 306-07 (Tex.App.--Dallas 2013, pet. denied)(finding jurisdiction over order denying motion); *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward,* 401 S.W.3d. 440, 443 (Tex.App.--Dallas 2013, pet. denied)(finding jurisdiction over order denying TCPA motion).

The trial court in *Beacon Hill* issued a written order dismissing a legal action pursuant to TCPA which was appealed.   2013 WL 407029, at *1.   The appellees filed a motion to dismiss the appeal, arguing TCPA does not allow an interlocutory appeal if the trial court signs an express ruling granting dismissal.   *Id.,* at *2.   The Court of Appeals noted at the outset of their order, "[i]t is undisputed that this express dismissal order is interlocutory because the trial court has not adjudicated or severed . . ." the counterclaims in the underlying suit.[3]   *Id.*, at *1.   The *Beacon Hill* court declined to follow *Jennings* and found the argument, "impermissibly renders portions of subsections (b) and (c) meaningless in contravention of statutory construction precepts."   *Id.,* at *3.   The court analyzed the language of subsections (b) and (c) and held several portions of these subsections are "rendered meaningless" and "superfluous" if there were no interlocutory appeal available when a trial court expressly rules on the motion to dismiss by signed order.   *Id.* at *3-*4. The court of appeals denied the appellees motion to dismiss the appeal for want of jurisdiction under TCPA.   *Id.,* at *4.

After *Beacon Hill* was decided, the Corpus Christi Court of Appeals compared the holdings in *Jennings* and *Beacon Hill* and concluded Section 27.008 permits an interlocutory appeal when the trial court denies the defendant's TCPA motion to dismiss by written order.   *San Jacinto Title Services of Corpus Christi, LLC. v. Kingsley Properties, LP*, --- S.W.3d ---, ---, No.

---

[3]  The same situation is present in this case, as the trial court did not reach the merits of the cause of action in deciding the Appellant's Motion to Dismiss.

13-12-00352-CV, 2013 WL 1786632, *5 (Tex.App.--Corpus Christi April 25, 2013, pet. denied).

As the Corpus Christi court notes:

> Subsection (b) provides that '[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, *from a trial court order* on a motion to dismiss a legal action under Section 27.003 or *from a trial court's failure to rule* on that motion in the time prescribed by Section 27.005.' TEX.CIV.PRAC.&REM.CODE ANN. § 27.008(b). . . . The plain language of subsection (b) indicates that the legislature contemplated two situations: (1) an appeal from a trial court's *order* on a motion to dismiss brought under chapter 27 and (2) an appeal from the trial court's *failure* to issue an order on the motion to dismiss. Additionally, subsection (c) provides that an appeal or other writ must be filed with the court of appeals sixty days 'after the trial court's order is signed' or the time for the court to rule expires. To give section 27.008 the construction appellee requests would render the language in subsections (b) and (c) meaningless. [Emphasis in orig.].

*San Jacinto Title*, 2013 WL 1786632, at *4.

The court of appeals provides an example of a likely result if the *Jennings* argument is adopted:

> Under appellee's reading of section 27.008, whether a defendant receives appellate relief under the TCPA does not depend on whether they suffered the harm the TCPA was designed to prevent, but on the trial court's attentiveness to the motion to dismiss. A defendant whose motion was denied by written order would have no choice but to go to trial and receive a judgment before raising a First Amendment defense on appeal, but a second defendant sued under identical circumstances could immediately take an interlocutory appeal if the trial court failed to timely rule on his motion. The first defendant would effectively have no remedy under the TCPA even if the suit against him was the quintessential SLAPP suit. Appellee's interpretation creates an absurdity by drawing an artificial distinction within the class of defendants the TCPA was designed to protect regardless of whether they suffered the harm for which the legislature addressed by enacting the TCPA.

*San Jacinto Title*, 2013 WL 1786632, at *4.

Since this case has been pending on appeal, the Texas Legislature has amended the TCPA to allow an interlocutory appeal for a TCPA motion to dismiss filed under Section 27.003 regardless whether the trial court rules on the motion or not. *See* Act of May 24, 2013, 83rd Leg.,

10

R.S., ch. 1042, H.B. 2935, § 4 (12), 2013 TEX.GEN.LAWS 2499, 2500 (codified at TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(12)(West Supp. 2014))(the amendment). The amended Act does not provide for retroactive application. [4] *Id.*

We find the reasoning in *Beacon Hill, San Jacinto Title* and its progeny persuasive. We hold we have interlocutory appellate jurisdiction pursuant to Section 27.008 when a trial court denies a defendant's motion to dismiss by written order. TEX.CIV.PRAC.&REM.CODE ANN. § 27.008.

### Commercial Speech Exemption

In their only issue, Appellants, Lassiter and Weisbrod, contend the trial court erred in finding they are "primarily engaged in the business of selling or leasing goods or services" and are not afforded the protection of the TCPA, pursuant to the exclusion set out in Section 27.010(b). Appellants contend lawyers are not "primarily engaged" in "selling services," but are "primarily engaged in the profession of representing [their] clients." The parties have extensively briefed and argued this issue. Appellants insist "lawyers [are] not <u>primarily engaged</u> in the business of selling services." [Emphasis in orig.]. However, they also concede "a lawyer is secondarily . . . engaged in selling services" but is is not a "lawyer's <u>primary</u> business." [Emphasis in orig.]. They argue "primarily" should be accorded its plain meaning, and point out the statute is "not intended to exempt those primarily engaged" in other businesses even if they sell or lease goods

---

[4] We note the Austin court of appeals recently decided the amended Act did apply retroactively to a pending appeal filed before the adoption of the amendment. We decline to address the issue of retroactive application of the amended Act after having decided we have appellate jurisdiction based on statutory construction and precedent. *See Kinney v. BCG Att'y Search, Inc.,* No. 03-12-00579-CV, 2014 WL 1432012, at *3-*4 (Tex.App.--Austin April 11, 2014, pet. filed)(mem. op.)(determined TCPA 2013 amendment confers appellate jurisdiction retroactively); *Combined Law Enforcement Ass'ns of Tex. v. Sheffield,* No. 03-13-00105-CV, 2014 WL 411672, at *4 (Tex.App.--Austin Jan. 31, 2014, pet. filed)(mem. op.)(same). We likewise decline the parties' suggestion to address the retroactive application of the Act's amended appellate timelines. *See Spencer v. Pagliarulo,* --- S.W.3d ---, ---, No. 01-14-00376-CV, 2014 WL 4851677, at *1-*2 (Tex.App.--Houston [1st Dist.] Sept. 30, 2014, no pet. h.).

11

and services.   However, those positions are contrary to a number of recently decided cases.   A careful review of cases interpreting anti-SLAPP statutes and their application to lawyers' advertising suggest each case must be evaluated on its individual merits.

Section 27.010 sets out certain exceptions to the applicability of the TCPA.   Subsection (b) provides TCPA:

> [D]oes not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX.CIV.PRAC.&REM.CODE ANN. § 27.010(b)(West Supp. 2014).[5]

This subsection can be described as a "commercial speech" exception.   *See Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,* 416 S.W.3d 71, 88 (Tex.App.--Houston [1st Dist.] 2013, pet, denied), *citing Simpson Strong–Tie Co., Inc. v. Gore,* 49 Cal.4th 12, 109 Cal.Rptr.3d 329, 230 P.3d 1117 (Cal. 2010)(interpreting similar "commercial speech" provision under California anti-SLAPP law); *Schimmel v. McGregor,* 438 S.W.3d 847, 857 (Tex.App.--Houston [1st Dist.] 2014, no pet.).   Further, the party asserting the exemption bears the burden of proving its applicability.   *See Newspaper Holdings*, 416 S.W.3d at 89; *Pena v. Perel,* 417 S.W.3d 552, 555 (Tex.App.--El Paso 2013, no pet.); *Kinney,* 2014 WL 1432012, at *6.

First, we note the case law appears settled "lawyer advertising is commercial speech." *See Neely v. Commission For Lawyer Discipline*, 196 S.W.3d 174, 181 (Tex.App.--Houston [1st Dist.] 2006, pet. denied), *citing Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 623, 115 S.Ct. 2371, 2375, 132 L.Ed.2d 541 (1995).

A California appellate court provides a brief discussion regarding the applicability of an

---

[5] The TCPA does not define the term "primarily engaged."   TEX.CIV.PRAC.&REM.CODE ANN. § 27.001.

anti-SLAPP statute to lawyers' advertising, which we find pertinent to our analysis:

> To be clear, we are not holding that lawyers are categorically excluded from the commercial speech exemption to the anti-SLAPP statute. Like proprietors of other commercial enterprises, the lawyer sells his services to prospective 'buyer[s] or customer[s].' It is also clear that lawyers engage in 'commercial speech' when they advertise their services. *Leoni v. State Bar*, (1985) 39 Cal.3d 609, 614, 627, 217 Cal.Rptr. 423, 704 P.2d 183 [analyzing as commercial speech an attorney's 'massive advertising campaign' in the form of personalized mailings to individuals named as defendants in pending lawsuits]. Consequently, we can envisage circumstances—such as a 'massive advertising campaign' divorced from individualized legal advice—under which the commercial speech exemption to the anti-SLAPP statute conceivably might apply to a lawyer's conduct. However, this is not such a case. As the trial court observed, this is not a case where Evans 'sent out a bunch of mailers or a bunch of cold calls trying to get new clients . . . . [T]here is no evidence of any solicitation by mail or telephone or other media . . . .'

*Taheri Law Group v. Evans*, 160 Cal.App.4th 482, 491-92, 72 Cal.Rptr.3d 847, 854-55 (Cal.App. 2 Dist. 2008).

We also note a case from Massachusetts, cited and argued by the parties, involving the applicability of the Massachusetts anti-SLAPP law to statements posted on an attorney created website. In *Cadle Co. v. Schlichtmann,* 448 Mass. 242, 859 N.E.2d 858 (Mass. 2007) a debt collection company brought a lawsuit alleging defamation, among other claims, against an attorney. The defendant attorney moved to dismiss the lawsuit under the anti-SLAPP statute. The trial court denied the attorney's motion to dismiss and he appealed. In *Cadle*, the attorney created a website in which he described alleged illegal business practices' of the plaintiff. The website stated the attorney "now represents several other victims of Cadle's unlawful business practices." *Id.* at 861. Further, it provided contact information to a telephone number solely owned by the attorney "[t]o find out more or if you believe you have been victimized by The Cadle Company . . . ." *Cadle*, 859 N.E.2d at 861. Additionally, he made numerous statements to media outlets regarding the same alleged illegal practices. *Id.* at 861.

13

The Massachusetts' Supreme Judicial Court found the website was created for commercial reasons, namely, in order to attract customers for the attorney's business. Thus, the lawsuit filed against the attorney could not be dismissed as having been based solely and exclusively on the attorney's "petitioning activity." *Id.* at 864-66. The Supreme Judicial Court stated the attorney published the statements:

> [N]ot as a member of the public who had been injured by these alleged practices, but as an attorney advertising his legal services. The Web site was, in essence, designed . . . to disseminate to the public information about [the collections company] and, by doing so, to attract clients to [the attorney's] law practice.

*Id*. at 864. The trial court's denial of the motion to dismiss was affirmed. *Id*. at 858.

Appellants contest the relevance of the *Cadle* case, arguing the Massachusetts anti-SLAPP statute is narrower than the TCPA. In support, they point to that portion of the *Cadle* opinion discussing the anti-SLAPP statute, arguing the Massachusetts version applies only to "five types of statements that comprise 'a party's exercise of its right of petition.'" *Id.* at 863. However, a subsequent Massachusetts decision notes:

> No definition of the phrase ['a party's exercise of its right of petition'] will encompass every case that falls within the statute's reach, and some difficult factual situations will have to be assessed on a case-by-case basis. What we seek to do is to limit the statute's protection, in accordance with the legislative intent, to the type of petitioning activity the Constitution envisions in which parties petition their government as citizens, not as vendors of services.

*Dickey v. Warren*, 75 Mass.App.Ct. 585, 915 N.E.2d 584, 590 n.7 (Mass.App.Ct. 2009)(citing *Kobrin v. Gastfriend*, 443 Mass. 327, 332 n.8, 821 N.E.2d 60, 64 (2005)), *review denied*, 920 N.E.2d 44, 455 Mass. 1107, *cert. denied*, 560 U.S. 926, 130 S.Ct. 3333, 176 L.Ed.2d 1223 (2010). We find Appellants' attempt to distinguish *Cadle* unpersuasive.

14

In *NCDR*, the Fifth Circuit concluded lawyer advertising under TCPA is commercial speech and subject to the exemption in Section 27.010(b). *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,* 745 F.3d 742, 755 (5th Cir. 2014); *Lamons Gasket Co. v. Flexitallic, L.P.,* 9 F.Supp.3d 709, 711-12 (S.D. Tex. 2014). The appellants in *NCDR* were two Texas lawyers and their law firm. *Id.* at 745. Appellants sponsored an advertising campaign that ran television, radio and internet advertisements to solicit former patients of appellees to represent. *Id.* The advertising campaign asserted that Appellee, Kool Smiles, a national chain of dental clinics, was the subject of government investigations of Medicaid Fraud and had performed harmful, unnecessary dental work on children for government reimbursements. *NCDR,* 745 F.3d at 745. Kool Smiles brought numerous causes of action to include defamation. *Id.* at 746. Appellants filed a TCPA motion to dismiss. *Id.* The trial court denied the motion to dismiss because it found that Appellants' were "primarily engaged in selling legal services to clients and that the ads offered those services to potential customers." *Id.* at 753. Thus, the advertising campaign was held to be commercial speech under TCPA. *Id.* Appellants' sole issue on appeal was that the trial court had incorrectly interpreted the commercial speech exemption under TCPA. *Id.* The Fifth Circuit ultimately found Appellants' "ads and other client solicitation are exempted from TCPA's protection because [Appellant's] speech arose from the sale of services where the intended audience was an actual or potential customer." *Id.* at 755.

Turning to the instant case, it is undisputed a television commercial was created by Appellants, a law firm and two attorneys. It was aired in English and Spanish in El Paso. The purpose of the Advertisement was, firstly, to locate potential clients with negligence claims against Llamas. Secondly, encourage others to come forward and reveal relevant information which

15

would support prosecution of ongoing litigation against Llamas.   The contents of the commercial are not disputed and stated:

> Male Voice:          If your child was treated by Dr. Jorge Llamas-Soforo for retinopathy of prematurity and their vision was damaged or they were left blind by treatment, please call the number on your screen.   Your child may be entitled to compensation.
>
> Female Voice:        We're currently representing children who had bad results by Dr. Jorge Llamas Soforo.   We can help you, too.
> .

We find the television commercial was created, not as a "matter of public concern," (a term specifically defined by the TCPA)[6], but primarily to attract clients allegedly injured by Llamas. Like *NCDR*, Appellants' speech arose from the sale of their legal services to potential customers. We hold the trial court did not err in finding Weisbrod and Lassiter advertisements were commercial speech and, thus, exempt from the protection of TCPA pursuant to Section 27.010(b). Lassiter and Weisbrod's sole issue is overruled.

## Timeliness of Motion to Dismiss

Appellant, the Law Firm, in their sole issue, asserts the trial court incorrectly interpreted the TCPA by finding the Motion was filed untimely.   A motion to dismiss is a "legal action" under TCPA and must be filed "not later than the 60th day after the date of service of the legal action."   TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b).   The Law Firm concedes the Motion would be timely "if it were filed within 60 days of either the First Amended Petition or the Second Amended Petition . . . ."   [Emphasis in orig.].   The issue is whether the TCPA sixty day deadline can be extended to the Second Amended Petition.

---

[6] "Matter of public concern" includes an issue related to:   (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace.   TEX.CIV.PRAC.&REM.CODE ANN § 27.001(7)(West Supp. 2014).

The Law Firm argues TCPA's use of the term "legal action" encompasses the Second Amended Petition. First, they urge us to define the term "legal action" broadly to include any subsequent pleading filed in a lawsuit. Second, under Rule 65 of the Texas Rules of Civil Procedure (providing that substituted pleadings take the place of prior pleadings), they posit would allow the Second Amended Petition to stand in the place of the First Amended Petition. Therefore, the TCPA sixty-day deadline would apply to each defendant, Garcia, the Law Firm, Lassiter, and Weisbrod upon service of the Second Amended Petition. Under this construction, the Law Firm concludes the motion is timely.

The TCPA was enacted and became effective on June 17, 2011. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 TEX.GEN.LAWS 961, 964. A "legal action" is defined by the TCPA as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6). A "legal action" has been construed as "broad and evidences a legislative intent to treat any claim by any party on an individual and separate basis." *Ward,* 401 S.W.3d at 443.

Like the case at hand, the Ward Law Firm filed an original petition against the Better Business Bureau (BBB) on May 13, 2011, which was prior to TCPA's effective date, June 17, 2011. *Id.* at 443. Ward, individually, was subsequently joined as a party plaintiff in an amended petition asserting individual claims against BBB on January 25, 2012. *Id.* The BBB filed a motion to dismiss pursuant to the TCPA and Ward argued it was untimely because it was not filed within sixty days of the original petition of May 13, 2011. *Id.* The *Ward* court found BBB had sixty days from service of the amended petition filed in January 2012 to file a TCPA motion to

17

dismiss against Ward on his individual claims. *Id.* The record reflected BBB had timely filed their motion to dismiss, therefore, the *Ward* court concluded it had appellate jurisdiction to review the denial of BBB's TCPA motion to dismiss. *Id.*

In *James,* the Court stated "if a lawsuit was filed before June 17, 2011, but a new plaintiff joined the lawsuit after June 17, 2011, that plaintiff's claims are subject to dismissal under the TCPA." *James v. Calkins,* No. 01-13-00118-CV --- S.W.3d---, ---, 2014 WL 4100692, at *5 (Tex.App.--Houston [1st Dist.] Aug. 21, 2014, no pet. h.)(holding defendant's joined after the TCPA's effective date are subject to the TCPA); *see also San Jacinto Title Servs. of Corpus Christ, LCC v. Kingsley Props., LP,* No. 13-12-00352-CV, --- S.W.3d ---, ---, 2013 WL 1786632, at *5-*6 (Tex.App.--Corpus Christi Apr. 25, 2013, pet. denied).

In *Check,* the appellant argued that a "legal action" encompassed an amended counter-claim and his sixty days deadline ran from the service of that document as opposed to the service of the original counterclaim upon him. *In re Estate of Check*, 438 S.W.3d 829, 836 (Tex.App.--San Antonio 2014, no pet.). The court disagreed, stating "such an interpretation would lead to absurd results not intended by the Legislature." *Id.* The court concluded if the interpretation were taken "to its logical conclusion . . . a party's deadline for filing a motion to dismiss would invariably be extended by the filing of *any* substantive pleading relating to the Act, not just amended petitions and counterclaims. [Emphasis in orig.]. *Id.* Further, these type of pleadings "would reset the deadline for a motion to dismiss under Section 27.003(b) [which] is irrational and at odds with one of the purposes of the Act, which is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law." *Id.* at 836. The

court held appellant's motion to dismiss was untimely because it was not filed within sixty days of service of the original counterclaim. *Id.* at 837.

After reading the statute as a whole in light of the Legislature's stated purpose for enacting it, we conclude that adopting the Law Firm's proposed interpretation of "legal action" leads to an absurd result. *Check,* 438 S.W.3d at 836. The Legislature's stated purpose in enacting the TCPA was to "encourage and safeguard" the exercise of First Amendment rights by Texans "to the maximum extent permitted by law" while also protecting the rights of persons to file lawsuits for "demonstrable injury." TEX.CIV.PRAC.&REM.CODE ANN. § 27.002. It is evident that the Legislature intended to effectuate the purpose of the TCPA by ensuring that courts will dismiss SLAPP suits quickly and without the need for prolonged and costly proceedings.[7] The Law Firm's interpretation of "legal action" supposes that a motion to dismiss could be filed at almost any point, so long as a subsequent pleading qualifies as a "legal action." We see nothing in the statute or its history and purpose to indicate the Legislature intended to create a perpetual opportunity to file a motion to dismiss whenever a pleading qualifies as a "legal action" under Section 27.001(6). TEX.CIV.PRAC.&REM.CODE ANN. § 27.001(6)(West Supp. 2014).

The original petition, filed by Llamas on March 15, 2011, named Garcia and his law firm as defendants. On August 10, 2011, the First Amended Petition added the Law Firm for the first time as a defendant. About seven months later, the Second Amended Petition, on March 27, 2012, added Lassiter and Weisbrod, individually, as defendants. On May 31, 2012, Lassiter and Weisbrod, individually and the Law Firm filed the Motion, however, the certificate of service indicates it was served on May 25, 2012 by mail. We find the First Amended Petition which

---

[7] *Pickens v. Cordia*, 433 S.W.3d 179, 182-83 (Tex.App.--Dallas 2014, no pet.); *Summersett v. Jaiyeola,* 438 S.W.3d 84, 85 (Tex.App.--Corpus Christi 2013, pet. denied).

joined the Law Firm and the Second Amended Petition which joined Lassiter and Weisbrod, were filed after the effective date, June 17, 2011, so therefore, subject to the TCPA. *Ward,* 401 S.W.3d at 443; *James,* 2014 WL 4100692, at *5.

The trial court denied the Law Firm's Motion on the sole basis of their late filing. The Law Firm does not dispute they were first served and named as a defendant upon the filing of the First Amended Petition in August 2011. Triggering the sixty day filing deadline for a TCPA motion to dismiss upon initial notice and service upon a party fulfills the Act's purpose in expediting these cases as the legislature intended. Given that they were duly served and put on notice of Llamas' claims in the First Amended Petition, we find it is the operative pleading the Law Firm should have responded to.

Therefore, the Law Firm needed to have filed a TCPA motion to dismiss within sixty days of the date of service of the First Amended Petition. According to the certificate of service the First Amended Petition was served upon the Law Firm on August 10, 2011. The Law Firm would have had to file its Motion no later than October 11, 2011. Even allowing a few days for receipt of the First Amended Petition, the Law Firm did not file their Motion for almost nine months, on May 31, 2012. The Law Firm's Motion was filed after sixty days and was untimely.

We note Appellant's argument that TEX.R.CIV.P. 65 allows for substituted pleadings to take the place of the prior pleadings, so therefore, the Law Firm asserts the Motion was timely as to the last live pleading. However, Rule 65 is the "general rule" and not absolute. *McCormick v. Stowe Lumber Co.*, 356 S.W.2d 450, 458 (Tex.Civ.App.--Austin 1962, writ ref'd n.r.e.); *Denton County Elec. Co-op., Inc. v. Hackett*, 368 S.W.3d 765, 772-73 (Tex.App.--Fort Worth 2012, pet. denied). The rule itself identifies an exception; in those instances when it is necessary to look to

20

the prior pleading regarding a question of limitations. TEX.R.CIV.P. 65. Given the precedent and the legislature's intent to expeditiously resolve TCPA cases, we find this argument unpersuasive. *Check,* 438 S.W.3d at 836; *Pickens,* 433 S.W.3d at 182-83; *Summersett,* 438 S.W.3d at 85.

Alternatively, the Law Firm argues the court should allow the late filing under Section 27.003(b) "[t]he court may extend the time to file a motion under this section on a showing of good cause." TEX.CIV.PRAC.&REM.CODE ANN. § 27.003(b). A careful review of the record, however, indicates the Law Firm neither, orally or by written motion, requested an extension of the time to file their Motion. Thus, without a request and a ruling, this issue has not been preserved for review. *See* TEX.R.APP.P. 33.1(a); *Check,* 438 S.W.3d at 836.

The Law Firm fails to acknowledge the result such a holding would create. If we were to adopt the position that any subsequent filed document meets the definition of "legal action," it would then create an unending opportunity to file a motion to dismiss which would ultimately defeat the purpose of the sixty day deadline. The Law Firm's issue is overruled.

### CONCLUSION

Having overruled both of the Appellants' issues, the ruling of the trial court is hereby affirmed.

November 25, 2014

YVONNE T. RODRIGUEZ, Justice

Before Rivera, J., Rodriguez, J., and Larsen, Senior Judge
Rivera, J. Not Participating
Larsen, Senior Judge (Sitting by assignment)

21