**AFFRIMED and Opinion Filed November 16, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00136-CV

**EVELYN MANCILLA AND SALES TAX INTERNATIONAL, LLC, Appellants**
**V.**
**TAXFREE SHOPPING, LTD, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-07644**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

This appeal involves a misappropriation of trade secrets claim brought by TaxFree Shopping, Ltd. against its former employee, Evelyn Mancilla, and Mancilla's company, Sales Tax International, LLC. Appellants filed a motion to dismiss the claim under chapter 27 of the Texas Civil Practice and Remedies Code, also known as the Texas Citizens Participation Act. The trial court denied the motion. In two issues, appellants assert the ruling was error and the case should be remanded for a determination of their court costs, attorney's fees, and other expenses. Because we conclude the motion was untimely, we affirm the trial court's order.

TFS was organized in 2001 and is in the sales tax refund business. TFS's system allows qualifying shoppers (international shoppers at participating retailers in Texas as well as domestic shoppers exporting merchandize internationally) to receive tax refunds immediately and ensures

the participating retailer receives credit on its sales and use tax returns subsequently filed with State of Texas. TFS earns a fee from each transaction it processes. More than 650 merchants are enrolled in TFS's program at more than 1,000 Texas locations.

Mancilla began working for TFS in November 2007 as a customer service representative. Over the next ten years, she rose to the level of director of operations, was named to the executive committee, and was the No. 3 person in the company. In May 2017, TFS terminated Mancilla's employment. Seventeen days later, Mancilla chartered a competing business, STI, and began soliciting TFS's current and prospective retailers, using documents "essentially identical" to those used by TFS for the same purpose.

On June 27, 2017, TFS sued Mancilla and STI for misappropriation of trade secrets under the Texas Uniform Trade Secrets Act (TUTSA)[1], theft, and tortious interference with existing contract, alleging they misappropriated and used TFS's trade secret methods of processing tax refunds, confidential customer and client lists, and other documentary information. As part of its TUTSA claim, TFS sought temporary and permanent injunctive relief to, among other things, enjoin appellees from (1) using TFS's customer lists, customer terms, trade names, trade secrets, vendor terms and pricing, goodwill or other confidential information owned by TFS or disclosing methods by which TFS's business is conducted, (2) contacting, directly or indirectly, any agents, employees, representatives, or officers of any TFS participating retailers under contract with TFS as of the date of Mancilla's termination of employment or potential participating retailers that had been identified or contacted by that date, (3) utilizing any TFS marketing strategies, suppliers, customers, and potential customers that existed as of that date for any purpose whatsoever, and (4)

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 134A.001–.008 (West 2011 & Supp. 2017).

making any private or public statement that could constitute libel, slander, or disparagement of TFS, its affiliates, or any TFS employees, officers, and/or managers.

On October 20, 2017, after engaging in some discovery, TFS filed its second amended petition. This pleading retained the TUTSA claim, dropped the theft and tortious interference with contract claims, and added claims for breach of fiduciary duty and common law unfair competition. The petition added allegations to support its new claims. It also provided additional details in support of its TUTSA claim and refined that claim from client lists to the specific client contacts. As did the original petition, the amended petition sought a temporary and permanent injunction in connection with the trade secret claim.

A month later, the trial court granted summary judgment in appellants' favor on TFS's claims for breach of fiduciary duty and unfair competition, leaving only the TUTSA claim at issue. On December 12, 2017, appellants filed a motion to dismiss under the TCPA, asserting the TUTSA claim sought to wrongfully restrain their rights of free speech and association. They argued the injunctive and compensatory relief sought showed TFS's "true aim: to stifle and silence [appellants] by imposing *de* facto non-competition, non-disclosure, and non-disparagement agreements where none exist." TFS responded, in part, that the motion should be denied because it was not timely filed. After a hearing, the trial court denied the motion without stating the grounds. This appeal followed.

In their first issue, appellants argue the trial court erred in denying their motion to dismiss because, among other reasons, the motion was timely filed.

The TCPA is an anti-SLAPP ("Strategic Lawsuits Against Public Participation") statute that protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *See In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). Its purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss

meritorious lawsuits. *Id.* at 589. It accomplishes this purpose by establishing a burden-shifting scheme that, if satisfied, results in a relatively expedited dismissal of lawsuits that are meritless within the meaning of the TCPA. *Wrightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018 WL 798163, at *2 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.).

A party triggers the TCPA's dismissal procedure by filing a motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). A motion to dismiss must be filed not later than the 60th day after the date of service of the legal action. *Id.* § 27.003(b). If the motion is not filed within the statutory deadline, the movant forfeits the early-dismissal protections of the statute. *See, e.g., Braun v. Gordon,* No. 05-17-00176, 2017 WL 4250235, at *1, 3 (Tex. App.—Dallas Sept. 26, 2017, no pet.) (mem. op.) (concluding failure to have case set for timely hearing as required by statute resulted in forfeiture of TCPA's protections). But, the trial court may extend the time to file a motion on a showing of good cause. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b).

Appellants filed their motion to dismiss on December 12, 2017. They argue the motion was timely because it was filed within sixty days of service of TFS's second amended petition (filed on October 20, 2017), which they contend "substantially reformulated" the TUTSA claim, thus restarting the clock. TFS concedes the motion is timely if the second amended pleading is the triggering pleading, but TFS contends it is not. TFS argues the TUTSA claim, which is the only remaining claim in this lawsuit, was asserted in the original petition, and the second amended pleading simply added allegations for claims that have been dismissed or "refined the allegations to reflect facts developed in discovery." It argues the TUTSA claim rests on the same allegations that put appellants on notice in the original petition. Thus, the issue in this case is whether the TCPA sixty-day deadline can be extended to the second amended petition.

An amended pleading that does not add new parties or claims does not restart the deadline for filing a motion to dismiss under the TCPA. *Paulsen v. Yarrell*, 455 S.W.3d 192, 197 (Tex. App.—Houston [1st Dist.] 2014, no pet.), *superseded by statute on other grounds as stated in Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887–88 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.). But an amended petition asserting claims based upon new factual allegations may reset a TCPA deadline as to the newly added substance. *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.). This does not mean that additional details in a subsequent petition restart the clock if the same essential factual allegations as to the claim were present in an earlier petition. *See Paulsen*, 455 S.W.3d at 198. In other words, the filing of an amended pleading that does not alter the essential nature of an action does not restart the deadline. *See, e.g., Miller Weisbrod, LLP v. Llamas-Soforo*, 511 S.W.3d 181, 193 (Tex. App.—El Paso 2014, no pet.) (concluding deadline to file motion to dismiss triggered by filing and service of first pleading naming defendant and giving notice of claims, not subsequent amended petition); *Jordan*, 510 S.W.3d at 198–99 (concluding deadline not reset by filing of supplemental petition when factual allegations underlying both original petition and supplemental petition was purported illegal placement of radio advertisement); *Hicks v. Group & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 530 (Tex. App.—Corpus Christi 2015, no pet.) (concluding deadline to file motion to dismiss triggered by original petition asserting claims, not amended petition that retained claims); *Check*, 438 S.W.3d at 836 (rejecting argument amended counterclaim that did not add new parties or claims reset sixty-day deadline).

Here, appellants argue the TUTSA claim was substantially altered by (1) changing the scope of trade secrets allegedly misappropriated from client and customer lists and proprietary information and processes to "specific client contacts" developed while Mancilla was employed

by TFS in a fiduciary position and (2) changing the alleged means of appropriation from theft to "connecting with contacts on social media through LinkedIn and breach of fiduciary duty." They direct us to a number of differences between the original and second amended petition. Having reviewed the original and second amended petitions, we cannot agree these are substantive alterations that reformulated the TUTSA claim.

First, we note many of the additions involve allegations to support the breach of fiduciary duty claim disposed of by summary judgment. With respect to the TUTSA claim, TFS simply refined its earlier, broad allegations of misuse of proprietary client lists and other information to hone in on Mancilla's alleged misconduct with respect to specific client contacts and the means by which Mancilla obtained some of the information. These allegations do nothing more than provide specificity of TFS's claim of which appellants had notice in the original petition. *See Hayes v. Cavin*, No. 03-17-00501-CV, 2018 WL 4939010, at *3 (Tex. App.—Austin Oct. 12, 2018, no pet. h.) (mem. op.) (concluding trial court reasonably could have determined second amended petition did not allege new and distinct injuries and instead clarified defamation claim with specifics about who and when allegations were made, thus making motion to dismiss untimely). In other words, the crux of the claim in the original petition was that Mancilla improperly acquired and disclosed data and information that TFS believes is proprietary and confidential and used it without TFS's consent. The second amended petition does not alter the essential nature of this action.

Moreover, our analysis is informed by appellants' motion to dismiss, where they allege TFS's suit seeks to wrongfully restrain their rights of free speech and association. Specifically, they complain the second amended petition "seeks to restrain [Mancilla] from communicating or associating with countless individuals (for any purpose, even on social media) that she knew, worked with, and even became friends with over the course of her career." But the restrictions on

communications and association sought by TFS in the second amended petition were identical or similar to the restrictions it sought in the original petition. Thus, appellants' alleged need for protection under the TCPA motion was apparent as of the original petition.

Given that appellants were served with and had notice of the TUTSA claim in the original petition, we conclude the original petition was the triggering document for a motion to dismiss under the TCPA. Because appellants' motion to dismiss was untimely as to the original petition, we conclude the trial court did not err in denying the motion to dismiss.

Appellants alternatively argue the trial court erred by not finding good cause to extend the time to file the motion to dismiss. We have reviewed the record and find no indication that appellants, orally or by written motion, requested an extension of time to file their motion. Thus, without a request and ruling, we conclude this issue has not been preserved for review. *See* TEX. R. APP. P. 33.1(a); *Miller Weisbrod,* 511 S.W.3d at 194; *Check*, 438 S.W.3d at 836. We overrule the first issue as it relates to the timeliness of the motion to dismiss making it unnecessary to address any other arguments.

We affirm the trial court's order denying appellants' motion to dismiss under the TCPA.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

180136F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EVELYN MANCILLA AND SALES TAX
INTERNATIONAL, LLC, Appellants

No. 05-18-00136-CV     V.

TAXFREE SHOPPING, LTD, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-07644.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the trial court's Order Denying Defendants' Motion to Dismiss Plaintiff's Suit under the Texas Citizens' Participation Act is **AFFIRMED**.

It is **ORDERED** that appellee TAXFREE SHOPPING, LTD recover its costs of this appeal from appellants EVELYN MANCILLA AND SALES TAX INTERNATIONAL, LLC.

Judgment entered November 16, 2018.