

FILED
July 21, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No. 03-14-000199-CV

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/24/2015 5:24:39 PM
JEFFREY D. KYLE
Clerk

IN THE
COURT OF APPEALS FOR THE
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

_____

CHURCH OF SCIENTOLOGY INTERNATIONAL, ET AL.
APPELLANTS

VERSUS

MONIQUE RATHBUN
APPELLEE

_____

FROM THE 207TH JUDICIAL DISTRICT COURT, COMAL COUNTY,
TEXAS
CAUSE NO. C2013-1082B, HON. DIB WALDRIP, PRESIDING

_____

**APPELLEE'S RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY OF APPELLANT
CHURCH OF SCIENTOLOGY**

_____

NOW COMES Appellee Monique Rathbun and files this Response to Notice of

Supplemental Authority of Appellant Church of Scientology, respectfully showing

the Court as follows:

Appellant Church of Scientology International ("CSI") filed its second Notice of Supplemental Authority to bring to the Court's attention four opinions applying the Texas Citizen's Participation Act ("TCPA"):

- *In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015);

- *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922 (Tex. App.—Austin, May 1, 2015, no pet. h.).

- *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155 (Tex. App.—Austin Apr. 7, 2015, no pet. h.); and

- *Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025 (Tex. Apr. 24, 2015) (per curiam).

Because Mrs. Rathbun believes that CSI has misstated the relevance of these opinions to the case before the Court, Mrs. Rathbun files this brief response to CSI's notice.

A. *In re Lipsky*

In *In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015), the Texas Supreme Court recognized that "[t]he TCPA's purpose is to identify and summarily dispose of lawsuits designed <u>only</u> to chill First Amendment rights, not to dismiss meritorious lawsuits." *Id.* at *6 (emphasis added). The court then made clear that when faced with a showing in a TCPA motion that the claims arise from protected activity, the non-movant's burden to come forth with "clear and specific evidence" of her claims simply means that the non-movant must allege more than mere notice pleading requires. *Id.* at *7 (emphasis added). CSI acknowledges the court's

holding "that a non-movant can rely on circumstantial evidence and rational inferences to satisfy her burden." CSI Notice of Supplemental Authority at 4. CSI then states, however, that "[o]n this issue, *Lipsky* supports the Church's position." *Id.*

In fact, *Lipsky* is not consistent with CSI's prior position at all. In its Brief of Appellant, CSI had argued that Mrs. Rathbun "cannot rely on 'presumptions, inferences or intendment.'" CSI Brief of Appellant at 36-37 (quoting *Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.— Dallas 2013, pet. denied)). CSI also argued that Mrs. Rathbun "must present evidence that is 'unambiguous,' 'sure,' and 'free from doubt' and that is 'explicit.'" *Id.* at 37.

The Texas Supreme Court has now made clear that in fact, no elevated evidentiary standard applies. *In re Lipsky*, 2015 WL 1870073, at *3-7. Rather, a plaintiff can defeat a motion to dismiss under the TCPA merely by "provid[ing] enough detail to show the factual basis for its claim." *Id.* at *7. As the Texas Supreme Court recognized, "Though the TCPA initially demands more <u>information</u> about the underlying claim, the [TCPA] does not impose an elevated evidentiary standard or categorically reject circumstantial evidence. In short, it does not impose a higher burden of proof than that required of the plaintiff at trial." *Id.* (emphasis

added).  The court disapproved "those cases that interpret the TCPA to require direct evidence of each essential element of the underlying claim to avoid dismissal."  *Id.*[1]

Although the district court did not reach the question of whether Mrs. Rathbun offered clear and specific evidence of her claims, the record is clear that she met that burden.  The information and evidence that Mrs. Rathbun offered in support of her claims, including circumstantial evidence and rational inferences, satisfied her burden under the TCPA.  Brief of Appellee at 50-56; *see also Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922, at *3 (Tex. App.—Austin, May 1, 2015, no pet. h.) (recognizing that the term "clear and specific" relates only to the quality of the evidence and that the non-movant is entitled to use rational inferences to "satisfy the nonmovant's minimal factual burden").

**B.**     *Serafine v. Blunt*

CSI uses this Court's opinion in *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 WL 2061922 (Tex. App.—Austin, May 1, 2015, no pet. h.), as an excuse to reurge CSI's positions regarding the proper applicability of the TCPA to (1) a "mixed" claim based on both unprotected activity and protected activity and

---

[1] In its original briefing, CSI had relied for its allegation that a heightened evidentiary applied on some of the cases expressly overruled by *In re Lipsky*.  *See* CSI Brief of Appellant at 8, 36-37 (citing *Rehak*, 404 S.W.3d at 726; *Farias v. Garza*, 426 S.W.3d 808 (Tex. App.—San Antonio 2014, pet. filed); *Rio Grande H2O Guardian v. Robert Muller Family P'ship, Ltd.*, No. 04-13-00441-cv, 2014 WL 309776 (Tex. App.—San Antonio Jan. 29, 2014, no pet.)); CSI Reply Brief at 11 n.10 (citing *Shipp v. Malouf*, 439 S.W.3d 432 (Tex. App.—Dallas 2014, pet. denied)).

(2) pre-suit investigations. Regarding the first point, CSI's position is that a claim based on both unprotected activity and protected activity that is not "merely incidental" to the unprotected activity, is wholly subject to dismissal under the TCPA.[2] Texas law is to the contrary. If a claim is based both on protected and non-protected conduct, the portion of the claim based on non-protected conduct may proceed without further analysis. *See Serafine,* 2015 WL 2061922, at *4 ("Accordingly, we affirm in part the trial court's order denying Serafine's motion to dismiss the tortious-interference counterclaim, and we will remand the cause for consideration of the Blunts' tortious-interference counterclaim to the extent that it is based on Serafine's alleged harassing and threatening conduct outside the context of the lawsuit."); *see also id.* at *29-30 (Pemberton, J. concurring) (concluding that the Court correctly concluded in *Serafine* that a when a "'legal action' 'is based on, relates to, or is in response to' (whatever that phrase may mean) both expression protected by the Act and other unprotected activity, the 'legal action' is subject to

---

[2] CSI appears to have abandoned the position argued in its first Notice of Supplemental Authority, that if even one of Mrs. Rathbun's claims arises out of protected activity, "all of Ms. Rathbun's claims should be dismissed even if some of them do not arise out of protected activity." First CSI Notice of Supplemental Authority at 2. As Justice Pemberton recognized in his concurrence in *Serafine,* CSI's "grounds for dismissal . . . must be analyzed separately with respect to each of the challenged [claims]." *Serafine,* 2015 WL 2061922, at *14 n.52 (citing *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward,* 401 S.W.3d 440, 443 (Tex. App.–Dallas 2013, pet. denied)); *see also In re Lipsky,* 2015 WL 18700073, at *8-13 (considering on a claim-by-claim basis whether dismissal was appropriate under the TCPA).

dismissal only to the extent it 'is based on, relates to, or is in response to' the protected conduct, as opposed to being subject to dismissal in its entirety").

CSI suggests the Court's holding in *Serafine* resulted because the parties had neither briefed nor argued the question of how "mixed claims" should be treated under the TCPA and urges the Court to follow CSI's take on California law on the question. CSI's Notice of Supplemental Authority at 6-7. CSI's position both gives the Court too little credit and ignores the purpose of the TCPA. No First Amendment rights are impacted if a party who pled a "mixed" claim proceeds with the claim when it may be established on unprotected activity.[3]

Regarding CSI's position that pre-suit investigation is protected by the right to petition, CSI again relies only on a single case from California, which itself recognized that sham pre-suit investigation would not be entitled to protection.

---

[3] CSI further argues that "[a] non-movant, of course, could still go forward with that portion of his mixed claim that is not encompassed within the Act by demonstrating, within the context of the motion to dismiss brought under the Act, that his claim is supported by clear and specific evidence of a prima facie case and is not otherwise subject to dismissal." CSI's Notice of Supplemental Authority at 7-8 (emphasis added). CSI has it backwards. A non-movant need not, at the dismissal stage, provide any evidence of claims that are not encompassed within the TCPA because the burden never shifts to her to do so. *See Serafine*, 2015 WL 2061922, at *2 (recognizing that the TCPA shifts to the non-movant the burden of establishing a prima facie case of the elements of her claim only if the movant has "establish[ed] by a preponderance of the evidence 'that the legal action is based on, relates to, or is in response to the party's exercise of ... the right to petition'"); *see also In re Lipsky,* 2015 WL 1870073, at *3 (recognizing that the burden shifts to the non-movant to come forward with support of her claims only "If the movant is able to demonstrate that the plaintiff's claim implicates" a protected right). And the non-movant may go forward even with claims that are encompassed within the Act so long as those claims are supported by clear and specific evidence. *Id.*; Tex. Civ. Prac. & Rem. Code § 27.005(c) ("The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.").

*See* CSI's Notice of Supplemental Authority at 8. As set forth in detail in her original brief, Mrs. Rathbun urges the Court, on this issue of first impression in Texas, to conclude that pre-suit investigation is not entitled to protection, or, in the alternative, that sham investigation is not entitled to protection and CSI's claim of pre-suit investigation is a sham. *See* Brief of Appellee at 44-50; *see also Serafine,* 2015 WL 2061922, at *19-21 (Pemberton, J. concurring) (urging a traditional view of what is meant by the right to petition and arguing for exclusion of sham petitioning from protection).

## C.    *Neyland v. Thompson*

CSI relies on this Court's opinion in *Neyland v. Thompson*, No. 03-13-00643-CV, 2015 WL 1612155 (Tex. App.—Austin Apr. 7, 2015, no pet. h.), for the proposition that Mrs. Rathbun's claims were based on communications that fall within CSI's right of association. As CSI recognizes, and the Court is aware, *Neyland* concerned whether communications among members of a homeowner's association were protected by the TCPA. CSI fails now, as it has always failed, to identify a single complaint by Mrs. Rathbun regarding communications among members of CSI. This is because Mrs. Rathbun's claims do not concern communications among members of CSI. *See* Brief of Appellee at 42-43 ("The activity Mrs. Rathbun complains of does not fall within this description [of the

right of association] and Appellants have failed to identify even one such communication that is the subject of Mrs. Rathbun's claims.").

**D.** *Lippincott v. Whisenhunt*

Finally, CSI alleges that *Lippincott v. Whisenhunt*, 13-0926, 2015 WL 1967025 (Tex. Apr. 24, 2015), "resolves one of the main legal disputes in this appeal, *i.e.,* whether the Act applies only to a 'communication' that is made to the public." CSI Notice of Supplemental Authority at 1-2. In support of its position that this question is disputed, CSI cites to pages 39-42 of Mrs. Rathbun's brief and pages 20-24 of the district court's opinion.

In fact, neither of those documents contains a contention that the TCPA does not apply to private communications. The discussion on pages 39-42 of Mrs. Rathbun's brief establishes that Mrs. Rathbun's claims do not arise from speech on matters of public <u>concern</u>. Brief of Appellee at 39-42 ("The only communications complained of concern Mrs. Rathbun's marriage, [Mrs.] Rathbun's alleged sexual preferences and practices, Mrs. Rathbun's fertility issues, Mrs. Rathbun's husband, and the mental health of Mrs. Rathbun's husband's family. These are not matters of public concern."). Pages 20-24 of the district court's opinion address the district court's attempt to find the proper balance between Mrs. Rathbun's "right to prosecute her common law claims for personal injury" and CSI's "rights of freedom of expression." Far from questioning whether private communications would give rise to a claim under the TCPA, the district court stated that "[f]or the limited purpose of this inquiry, the [c]ourt presumes that the Defendants' expressions of speech,

petition and association were, to the extent necessary, public in nature." 31CR3774.

Contrary to CSI's description of "one of the main legal disputes in this appeal," there in fact was no dispute as to whether the TCPA may apply to speech to private individuals because the question was not germane to the outcome of CSI's motion.

CSI's conclusion that in light of the evidence, "*Lippincott* leaves no room for Appellee to argue that Appellants' communications were not 'made in connection with a matter of public concern' within the TCPA," likewise does not follow from *Lippincott.* In *Lippincott,* the Texas Supreme Court acknowledged the unremarkable conclusion that emails regarding whether a nurse properly provided care to her patients addressed a matter of public concern. *Lippincott*, 2015 WL 1967025, at *2 ("We have previously acknowledged that the provision of medical services by a health care professional constitutes a matter of public concern."). Nothing in *Lippincott* would render communications about an individual's spouse, marriage, or fertility issues matters of public concern.[4]

---

[4] CSI claims in this portion of its Notice that Mrs. Rathbun conceded she is a public figure by not responding to CSI's claim that she was. CSI Notice of Supplemental Authority at 3. Mrs. Rathbun did not concede anything. She did not address in her Brief of Appellee whether she was a public figure simply because it was not determinative. Nevertheless, it is clear that Mrs. Rathbun is not a public figure. *See, e.g., Neyland*, 2015 WL 1612155, at *6-7.

Respectfully submitted,

**PULMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Leslie Sara Hyman*
   Elliott S. Cappuccio
   Texas State Bar No. 24008419
   ecappuccio@pulmanlaw.com
   Leslie Sara Hyman
   Texas State Bar No. 00798274
   lhyman@pulmanlaw.com
   Etan Z. Tepperman
   Texas State Bar No. 24088514
   etepperman@pulmanlaw.com

**THE JEFFREY LAW FIRM**
Ray B. Jeffrey
Texas State Bar Number 10613700
2631 Bulverde Road, Suite 105
Bulverde, Texas 78163
(830) 438-8935 Telephone
(830) 438-4958 Facsimile
rjeffrey@sjmlawyers.com

**THE WIEGAND LAW FIRM, P.C.**
Marc F. Wiegand
Texas State Bar No. 21431300
434 North Loop 1604 West, Suite 2201
San Antonio, Texas 78232
(210) 998-3289 Telephone
(210) 998-3179 Facsimile
marc@wiegandlawfirm.com

**ATTORNEYS FOR APPELLEE
MONIQUE RATHBUN**

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 24th day of June 2015, the foregoing Appellee's Response to Notice of Supplemental Authority of Appellant Church of Scientology has been transmitted by electronic service in accordance with the requirements of the Texas Rules of Appellate Procedure addressed as follows:

Lamont A. Jefferson
HAYNES & BOONE, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas  78205-1540

Wallace B. Jefferson
Rachel Ekery
ALEXANDER DUBOSE JEFFERSON & TOWNSEND, LLP
515 Congress Avenue, Suite 2350
Austin, Texas  78701

J. Iris Gibson
HAYNES & BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas  78701

Ricardo Cedillo
Les J. Strieber III
Isaac J. Huron
DAVIS CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 East Mulberry Avenue
San Antonio, Texas  78212

George H. Spencer, Jr.
CLEMENS & SPENCER
112 E. Pecan St., Suite 1300
San Antonio, Texas  78205-1531

Jonathan H. Hull
Ashley B. Bowen
REAGAN BURRUS
401 Main Plaza, Suite 200
New Braunfels, Texas  78130

Bert H. Deixler
KENDALL BRILL & KLEIGER LLP
Suite 1725
10100 Santa Monica Boulevard
Los Angeles, California  90067

Stephanie S. Bascon
LAW OFFICE OF STEPHANIE S. BASCON PLLC
297 West San Antonio Street
New Braunfels, Texas  78130

Gary D. Sarles
O. Paul Dunagan
SARLES & OUIMET
370 Founders Square
900 Jackson Street
Dallas, Texas  75202

Thomas S. Leatherbury
Marc A. Fuller
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201

*/s/ Leslie Sara Hyman*
Leslie Sara Hyman