**REVERSE, RENDER, and REMAND; and Opinion Filed May 15, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-00575-CV**

_____

**BETTER BUSINESS BUREAU OF METROPOLITAN DALLAS, INC., Appellant**

**V.**

**LLOYD WARD, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-03357-C**

## OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion by Justice Fillmore

This accelerated interlocutory appeal arises from a defamation and negligence action brought by Lloyd Ward (Ward) against the Better Business Bureau of Metropolitan Dallas, Inc. (the BBB). The BBB moved to dismiss the action pursuant to the Texas Citizens Participation Act (TCPA) which provides a means for dismissal of actions involving the exercise of certain constitutional rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West Supp. 2012). In a written order, the trial court denied the motion to dismiss. We conclude we have jurisdiction over this appeal, and that the trial court erred by denying the BBB's motion to dismiss. We reverse the trial court's order and render judgment granting the BBB's motion to dismiss pursuant to the TCPA. We remand this case to the trial court for further proceedings consistent with section 27.009(a) of the civil practice and remedies code and for further proceedings relating to the claims of Lloyd Ward & Associates, P.C. (the Ward Law Firm).

**Background**

The BBB, a nonprofit corporation founded in 1920, states that its goal and primary mission is to promote ethical business practices through voluntary self-regulation by businesses. The BBB provides several services to the general public, including publication of consumer alerts, publication of business reviews, and complaint processing. The BBB states the information it provides to the general public enables consumers to make informed decisions in marketplace transactions.

The BBB publishes business reviews relating to both accredited and non-accredited businesses in its territory. According to Christopher Burgess, vice president and chief compliance officer of the BBB, a business review may contain a letter grade rating of the business ranging from "A+" to "F," representing the BBB's opinion of the business. The rating is the computer-generated product of a "grading system" comprised of sixteen elements, including the number of complaints against the business, whether the business responds to the complaints, and whether the complaints are resolved. Under the "grading system," points are deducted when a business fails to respond to or to resolve a complaint. A business rating may change as new data is added to the BBB computer program.

According to Lee Stallings, vice president–director of the complaint resolution department of the BBB, if a consumer complaint satisfies the BBB's intake procedures, the complaint will be forwarded to the business for a response. Under the BBB's policies, the business has twenty-two days to respond to the complaint. Between June 21, 2010 and February 11, 2011, the BBB received eighteen complaints concerning the Ward Law Firm. Of those complaints, six did not meet the BBB's intake procedures, were determined to be invalid, were not forwarded to the Ward Law Firm, and did not factor into the BBB's business rating of the Ward Law Firm. The remaining twelve complaints were forwarded by the BBB to the Ward

Law Firm. The BBB received responses to eleven of those complaints from the Ward Law Firm, and the BBB closed eight complaints as either resolved or assumed resolved. Three of the twelve complaints were closed as unresolved.

According to Burgess, on January 6, 2010 and January 25, 2010, the BBB made a standard business inquiry to the Ward Law Firm but no response was received from the firm. Stallings stated that, based "primarily" on the one unanswered complaint and the three unresolved complaints, the BBB assigned a business rating of "F" to the Ward Law Firm on February 11, 2011. According to Burgess, the "F" rating was published in the BBB's business review of the Ward Law Firm, with "standardized text used for this situation." The business review stated that factors that lowered the business rating included one or more unanswered complaints. According to Stallings, between the BBB's business review of the Ward Law Firm on February 11, 2011 and May 4, 2011, the BBB received thirteen more complaints concerning the firm. The BBB did not receive a response from the Ward Law Firm to two of those complaints.

On May 13, 2011, the Ward Law Firm filed a lawsuit against the BBB based upon the BBB's business rating of "F" assigned to the firm. On January 25, 2012, an amended petition was filed in which Ward was added as a plaintiff.[1] The Ward Law Firm and Ward asserted causes of action against the BBB for statutory and common law libel, common law slander, negligence, and gross negligence and sought a permanent injunction preventing the BBB from including the Ward Law Firm or Ward in the BBB's business listing service, "electronic or otherwise." The BBB filed a motion to dismiss Ward's claims under the TCPA. The BBB argued it was entitled to dismissal of Ward's individual lawsuit because (1) Ward's claims are

---

[1] According to Ward's response to the BBB's motion to dismiss, "Plaintiff instituted a civil action" against the BBB in March 2010 based upon the BBB's "F" business rating of the Ward Law Firm, and in April 2010, the BBB and "Plaintiff" entered into a settlement, the BBB removed the "F" business rating of the Ward Law Firm, and "Plaintiff" dismissed that lawsuit. It is unclear whether the "plaintiff" in the prior lawsuit was the Ward Law Firm or Ward.

based on, related to, or in response to the BBB's exercise of its right of free speech, and (2) Ward could not establish by clear and specific evidence a prima facie case for each element of his claims. Without stating the basis for the ruling, the trial court signed a written order denying the BBB's motion to dismiss Ward's claims.

**Jurisdiction**

Ward filed a motion to dismiss this interlocutory appeal. Relying on *Jennings v. Wallbuilder Presentations, Inc.*, 378 S.W.3d 519 (Tex. App.—Fort Worth 2012, pet. filed), Ward contends chapter 27 of the civil practice and remedies code does not provide for an interlocutory appeal from a trial court's written ruling on a motion to dismiss and, as a result, this Court does not have jurisdiction to consider the BBB's appeal. In our opinion in *Better Business Bureau of Metropolitan Dallas, Inc. v. BH DFW, Inc.*, No. 05-12-00587-CV, slip op. at 9–11 (Tex. App.—Dallas May 15, 2013, no pet. h.), issued contemporaneously with our opinion in this case, we disagreed with *Jennings* and concluded we have jurisdiction over an interlocutory appeal from a timely signed order denying a motion to dismiss under the TCPA. Therefore, we reject Ward's argument to the contrary.

Ward further argues in support of his motion to dismiss this interlocutory appeal that the BBB's motion to dismiss pursuant to chapter 27 was untimely filed because it was not filed within sixty days of service of the legal action filed by the Ward Law Firm against the BBB. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b) (motion to dismiss a legal action under this section must be filed not later than the sixtieth day after the date of service of the legal action). We are not persuaded by Ward's second argument.

The Ward Law Firm's original petition against the BBB was filed on May 13, 2011, prior to the June 17, 2011 effective date of chapter 27. *See* Act of June 17, 2011, 82nd Leg., R.S., ch. 341, § 3, 2011 Tex. Gen. Laws 960, 963 ("The change in law made by this Act applies only to a

–4–

legal action filed on or after the effective date [June 17, 2011] of this Act. A legal action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose."). After the effective date of the TCPA, Ward was added as a party plaintiff in the amended petition filed January 25, 2012. The definition of "legal action" in the statute is broad and evidences a legislative intent to treat any claim by any party on an individual and separate basis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6) ("Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief."). Accordingly, when Ward served the BBB with an amended petition asserting his individual claims, the BBB had sixty days from service to seek dismissal of Ward's individual claims pursuant to chapter 27. The record confirms that the BBB's motion to dismiss sought dismissal of Ward's individual claims and did not seek dismissal of the Ward Law Firm's claims against the BBB. It is undisputed that the BBB filed its motion to dismiss Ward's individual claims within sixty days of service of the amended petition which added Ward as a plaintiff. We conclude this Court has jurisdiction over this interlocutory appeal of the trial court's order denying the BBB'a motion to dismiss Ward's individual claims under the TCPA.

**Analysis**

In its sole issue, the BBB argues the trial court erred by denying the BBB's motion to dismiss under the TCPA. Resolution of this issue turns on whether the TCPA applies to business ratings made by the BBB.

*Standard of Review*

We review questions of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West 2005); *Molinet*, 356

S.W.3d at 411. "We look first to the statute's language to determine that intent, as we consider it 'a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent.'" *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)); *see also Molinet*, 356 S.W.3d at 411. We consider the statute as a whole rather than focusing upon individual provisions. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *Id.* (citing *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care*, 145 S.W.3d 170, 177 (Tex. 2004)).

*Applicability of the TCPA to the BBB's Business Review*

In our opinion in *BH DFW, Inc.*, issued contemporaneously with this opinion, we concluded the BBB's business review, including an "F" rating of a business, related to a good, product, or service in the marketplace and, therefore, related to a matter of public concern as defined by the TCPA. *See BH DFW, Inc.*, No. 05-12-00587-CV, slip. op. 12; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(7)(E). We further concluded the BBB's communication of the business review to the public was an exercise of the BBB's right to free speech as defined by the TCPA. *See BH DFW, Inc.*, No. 05-12-00587-CV, slip. op. 13; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3) ("'Exercise of right to free speech' means a communication made in connection with a matter of public concern."); *Avila v. Larrea*, No. 05-11-01637-CV, 2012 WL 6633994, at *8 (Tex. App.—Dallas Dec. 18, 2012, pet. filed) (applying TCPA to defamation claim brought by attorney against television station and reporter); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, No. 01-12-00581-CV, 2013 WL 1867104, at *7 (Tex. App.— Houston [1st Dist.] May 2, 2013, no pet. h.) (applying TCPA to claims for defamation, business

disparagement, and tortious interference with contract against newspaper and source for information contained in newspaper articles).

Because the TCPA applies to a business review communicated to the public by the BBB, Ward had the burden of establishing by clear and specific evidence a prima facie case for each essential element of his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). The TCPA provides no guidance as to the quantum of proof necessary to constitute clear and specific evidence of a prima facie case for each essential element of a claim. Ward, however, failed to argue in his appellate brief that he established by clear and specific evidence a prima facie case for each essential element of any of his claims for statutory and common law libel, common law slander, negligence, and gross negligence in response to the BBB'a motion to dismiss before the trial court. Rather, he contends on appeal that "[b]ecause the BBB was not entitled to seek protection under Chapter 27 from [Ward's] claims, [Ward] was not required to demonstrate the essential elements" of his claims. Ward's argument is that the BBB did not meet its burden to show by a preponderance of the evidence that Ward's claims are based on, relate to, or are in response to the BBB's exercise of its right of free speech, and, therefore, the burden did not shift to Ward to establish by clear and specific evidence a prima facie case for each essential element of his claims. Further, in his response in the trial court to the BBB's motion to dismiss, Ward included no argument pertaining to his negligence or gross negligence claims or his request for a permanent injunction. In support of his defamation claims, he merely set out the elements of the claims, and concluded after a discussion of the elements of defamation that "the actions by [the BBB] are defamation per se, and [the BBB is] liable for damages as a jury may determine are appropriate." He cited no evidence to support each element of his defamation claims.

We conclude the TCPA applied to Ward's claims against the BBB. Further, we conclude Ward failed to carry his burden under the TCPA to establish by clear and specific evidence a

–7–

prima facie case for each essential element of his claims.  Accordingly, the trial court erred by denying the BBB's motion to dismiss under the TCPA.

## Conclusion

We conclude we have jurisdiction over this interlocutory appeal.  Additionally, we resolve the BBB's sole issue in its favor.  We reverse the trial court's order, render judgment dismissing Ward's claims against the BBB pursuant to the TCPA, and remand this case to the trial court for further proceedings consistent with section 27.009(a) of the civil practice and remedies code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a), and for further proceedings relating to Lloyd Ward & Associates, P.C.'s claims against the BBB.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

120575F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BETTER BUSINESS BUREAU OF
METROPOLITAN DALLAS, INC.,
Appellant

No. 05-12-00575-CV          V.

LLOYD WARD, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-11-03357-C.
Opinion delivered by Justice Fillmore,
Justices Moseley and Myers participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order denying the Better Business Bureau of Metropolitan Dallas, Inc.'s motion to dismiss, **RENDER** judgment dismissing this case pursuant to the Texas Citizens Participation Act, and **REMAND** this case to the trial court for further proceedings consistent with section 27.009(a) of that act, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a) (West Supp. 2012), and for further proceedings relating to the claims of Lloyd Ward & Associates, P.C.

It is **ORDERED** that appellant Better Business Bureau of Metropolitan Dallas, Inc. recover its costs of this appeal from appellee Lloyd Ward.

Judgment entered this 15th day of May, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE