**Affirm and Opinion Filed June 14, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01337-CV**

**WHOLESALE TV AND RADIO ADVERTISING, LLC, Appellant**
**V.**
**BETTER BUSINESS BUREAU OF METROPOLITAN DALLAS, INC., Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-08382-A**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

Appellant Wholesale TV and Radio Advertising, LLC (Wholesale) sued appellee Better Business Bureau of Metropolitan Dallas, Inc. (BBB). BBB filed a motion to dismiss pursuant to the Texas Citizens Participation Act (TCPA). The trial judge granted the motion, dismissed the case, and awarded BBB its attorneys' fees. Wholesale raises five issues on appeal. We affirm.

### I. BACKGROUND

**A.     Allegations**

Wholesale alleged the following facts in its live petition. Wholesale is engaged in the business of selling television and radio advertising at discounted prices. BBB solicited Wholesale to seek BBB accreditation, and in or about December 2009 Wholesale submitted its application fee and "all relevant documents requested" by BBB. BBB requested additional

information from Wholesale to substantiate Wholesale's claims that it provided television and radio advertising at wholesale costs. Although Wholesale provided "all the necessary responses to [BBB's] questions," BBB rejected Wholesale's application by letter dated February 16, 2010. BBB stated that the reason for the denial was Wholesale's failure to substantiate that it sells advertising at "wholesale prices." BBB later refunded Wholesale's application fee.

In March 2010, Wholesale noticed that BBB had given Wholesale an "F" rating on BBB's website. Wholesale sent BBB additional information in an attempt to prove Wholesale's status as a wholesale advertising provider. BBB sent Wholesale a letter dated August 20, 2010, in which BBB refused to take down the "F" rating. In that letter, BBB asserted that Wholesale failed to meet BBB's definition of "wholesale" or "wholesale pricing." In a phone call, a representative of BBB told a representative of Wholesale that Wholesale's business was not acceptable to BBB because of its brand name. The "F" rating has significantly harmed Wholesale's business.

## B. Procedural history

Wholesale sued BBB in July 2011, asserting claims for violations of the Deceptive Trade Practices Act and business disparagement. BBB answered. On August 10, 2011, Wholesale filed its first amended petition, which was its live pleading at the time of judgment. In the first amended petition, Wholesale added claims for fraud and negligent misrepresentation. On August 12, 2011, BBB filed a motion to dismiss based on the TCPA, Chapter 27 of the Texas Civil Practice and Remedies Code. In that motion, BBB attacked Wholesale's claims for DTPA violations, business disparagement, and fraud, but not its claim for negligent misrepresentation. Wholesale filed a response.

The trial judge held a hearing on BBB's motion to dismiss, and at the end of the hearing the judge orally stated his intention to grant the motion. The judge and the attorneys discussed

the fact that BBB had not attacked Wholesale's negligent-misrepresentation claim in its motion. In the interest of efficiency, the judge decided that that claim would be handled "by submission," and that Wholesale would have three days to submit any additional evidence it wanted to submit on that claim. Wholesale timely filed a supplemental response addressing negligent misrepresentation, and BBB filed a reply brief addressing that supplemental response. The trial judge thereafter signed a final judgment in which he dismissed all of Wholesale's claims and awarded BBB $15,999 in attorneys' fees.

Wholesale timely filed its notice of appeal.

## II.   ANALYSIS

### A.   Issues presented

Wholesale presents five issues on appeal. In its first issue, Wholesale argues that BBB was not entitled to dismissal under the TCPA because the conduct at issue was false commercial speech not protected by the First Amendment. In its four remaining issues, Wholesale argues that it adduced sufficient evidence supporting the elements of its four claims to withstand BBB's motion to dismiss.

### B.   The TCPA

We recently summarized the TCPA's motion-to-dismiss procedure in a case similar to this one. *See generally Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, No. 05-12-00587-CV, 2013 WL 2077636, at *4–5 (Tex. App.—Dallas May 15, 2013, no pet. h.). Under that procedure, BBB bore the initial burden of showing by a preponderance of the evidence that Wholesale's action was based on, related to, or was in response to BBB's exercise of the right of free speech, the right to petition, or the right of association. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (West Supp. 2012); *BH DFW*, 2013 WL 2077636, at *6. The TCPA defines the exercise of the right of free speech broadly as "a communication made in connection with a

–3–

matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). The phrase "matter of public concern" includes issues relating to "a good, product, or service in the marketplace." *Id*. § 27.001(7).

### C. Commercial speech

In Wholesale's first issue on appeal, it argues that BBB did not meet its initial burden because the statements BBB made about Wholesale on BBB's website amount to false commercial speech that should not be given protection under the First Amendment. But as we noted in *BH DFW*, the TCPA contains its own definition of "the right of free speech" that controls the applicability of the TCPA to particular speech. 2013 WL 2077636, at *7. In *BH DFW*, we held that BBB's online business review and rating of BH DFW, a builder of residential swimming pools, amounted to protected speech under the TCPA because the review and rating related to a good, product, or service in the marketplace. *Id*. Because BH DFW's breach-of-contract lawsuit against BBB was based on BBB's exercise of the right of free speech, BBB carried its burden under section 27.005(b) of the TCPA. *Id*. In another similar case, we held that BBB's online business review and rating of a law firm amounted to protected speech under the TCPA. *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, No. 05-12-00575-CV, 2013 WL 2077273, at *4 (Tex. App.—Dallas May 15, 2013, no pet. h.). Accordingly, the law firm's claims against BBB for defamation, negligence, and gross negligence based on the review and rating triggered the application of the TCPA. *Id*. at *4; *accord Avila v. Larrea*, 394 S.W.3d 646, 655 (Tex. App.—Dallas 2012, pet. filed) (holding that TCPA applied to attorney's claims based on allegedly false television broadcasts about him).

Wholesale's claims are based on BBB's online rating and review of Wholesale's goods, products, or services, specifically the sale of television and radio advertising. Applying our precedents and the plain language of the TCPA to the facts of this case, we conclude that BBB

carried its burden of showing that Wholesale's claims are based on or relate to BBB's exercise of the right of free speech within the meaning of the TCPA. Wholesale's first issue on appeal is without merit.

**D.      Sufficiency of the evidence**

Because BBB carried its initial burden, Wholesale then bore the burden of establishing "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also BH DFW*, 2013 WL 2077636, at *8. In issues two through five, Wholesale contends that it met its burden of proof for each of its four claims.

We reject issues two through five because Wholesale has not adequately briefed every element of each of its claims. It is well settled that an appellant must address and brief every independent ground that supports the trial court's judgment.

> An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment. If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.

*Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.) (citations omitted); *accord Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.— Dallas 2007, no pet.) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling."). In this case, every element of every claim presents a possible independent ground for the judgment because the TCPA requires the nonmovant to substantiate "each essential element" of every challenged claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Although Wholesale asserts in each issue that it established a prima facie case for each and every element of the particular claim, it does not

actually present argument in support of every element of each claim.  This is fatal to its issues. *Cf. Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.").

In issue two, Wholesale asserts that it presented sufficient evidence to support every element of its DTPA claim.  But in its argument supporting that issue, Wholesale fails to address the essential elements of producing cause and damages, *see* TEX. BUS. & COM. CODE ANN. § 17.50(a) (West 2011), and it cites no evidence that might support those elements.  Accordingly, we reject Wholesale's second issue.

In issue three, Wholesale asserts that it presented sufficient evidence to support every element of its business-disparagement claim.  The elements of business disparagement are that the defendant (1) published false and disparaging information about the claimant, (2) with malice, (3) without privilege, (4) that resulted in special damages to the claimant.  *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 924–25 (Tex. App.—Dallas 2006, no pet.).  Although Wholesale states that BBB's "reckless disregard for the truth was the proximate cause of the injury to [Wholesale]'s business," it does not otherwise brief the fourth element of business disparagement, nor does it cite any evidence in support of this conclusory statement.  Wholesale did not adequately brief the last element of its business-disparagement claim, so we reject Wholesale's third issue.

In issue four, Wholesale asserts that it presented sufficient evidence to support every element of its fraud claim.  "The elements of fraud are (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, he knew it was false or made it recklessly without any knowledge of the truth and as a positive

assertion; (4) the defendant made the representation with the intent that the plaintiff should act on it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury." *Baleares Link Express, S.L. v. GE Engine Servs.–Dallas, LP*, 335 S.W.3d 833, 839 (Tex. App.—Dallas 2011, no pet.). In its brief, Wholesale does not address the elements of reliance or injury, nor does it cite any evidence that might support those elements. We reject Wholesale's fourth issue on appeal.

In issue five, Wholesale asserts that it presented sufficient evidence to support every element of its negligent-misrepresentation claim. "The elements of negligent misrepresentation are (1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 397 (Tex. App.—Dallas 2012, no pet.). Wholesale states in conclusory fashion that one particular email from BBB to Wholesale, plus unspecified "evidence previously submitted to the trial court," sufficiently establish all the elements of Wholesale's negligent-misrepresentation claim. Wholesale does not explain how the evidence establishes any aspect of the fourth element of negligent misrepresentation—justifiable reliance, causation, or pecuniary loss. Nor does Wholesale cite the record for any evidence of these matters. Because Wholesale has presented no logical argument, supported with record citations, in support of the fourth element of negligent misrepresentation, we reject Wholesale's fifth issue on appeal.

## III. DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.

111337F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

WHOLESALE TV AND RADIO
ADVERTISING, LLC, Appellant

No. 05-11-01337-CV      V.

BETTER BUSINESS BUREAU OF
METROPOLITAN DALLAS, INC.,
Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-08382-A.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee BETTER BUSINESS BUREAU OF METROPOLITAN
DALLAS, INC. recover its costs of this appeal from appellant WHOLESALE TV AND RADIO
ADVERTISING, LLC.

Judgment entered June 14, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE