**AFFIRM; and Opinion Filed August 29, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01539-CV**

**GROVER SHIELDS, SHIELDS MANAGEMENT GROUP, L.L.C. AND DFW OPEN MRI, L.P., Appellants**

**V.**

**ROBERT SHIELDS AND MRI CENTERS OF TEXAS, LLC, Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-08556**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Molberg

This is an interlocutory appeal of the trial court's denial of a motion to dismiss under the

Texas Citizens Participation Act (TCPA), TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1]

Because we conclude appellants failed to satisfy their initial burden to establish that appellees'

claims are based on, related to, or in response to appellants' exercise of a right protected by the

TCPA, we affirm the trial court's denial of the motion to dismiss.

## Background

In June 2018, appellee Robert Shields (Robert) sued his father, appellant Grover Shields

(Grover), for breach of contract, fraudulent inducement, and tortious interference with contract.

---

[1] Following this case's submission, the legislature amended the TCPA in various respects. *See* Act of June 2, 2019, 86th Leg., R.S., H.B. 2730 (to be codified as an amendment to chapter 27 of the Texas Civil Practice and Remedies Code). We do not address those amendments here, however, as they apply only to actions filed on or after September 1, 2019, the effective date of the amendments. *Id*. §§ 11-12.

Robert generally asserted Grover's conduct in various business matters between them was tortious and breached a settlement agreement they and others reached in earlier lawsuits. The citation and original petition were served on Grover on July 10, 2018.

On August 16, 2018, Robert filed a first amended petition adding two new defendants, appellants Shields Management Group, L.L.C. and DFW Open MRI, L.P. Robert asserted the same three causes of action against the new defendants.

On September 24, 2018, Robert filed a second amended petition adding a new plaintiff, appellee MRI Centers of Texas, LLC, a new claim of civil conspiracy, and asserting all claims against all appellants. In that pleading, appellees jointly allege fraudulent inducement and civil conspiracy claims against all appellants, and appellee MRI Centers of Texas, LLC alleges breach of contract and tortious interference claims against all appellants.[2]

Appellees' second amended petition provides the following summary of their claims:

> This Action seeks closure on a nearly six-year dispute between father and son. Almost two decades ago, Plaintiff Robert Shields and Defendant Grover Shields formed a joint business to provide medical imaging services to patients in the Dallas Metroplex. In 2012, Grover locked Robert out of the business and thwarted Robert's efforts to grow the business. Tensions rose, and both parties filed suit against one another. To buy peace, put an end to an ugly business dispute, and fully resolve all disputes between the parties, the parties entered into a settlement agreement where Robert gave up his interests in various joint business entities to Grover, Grover made cash payments to Robert, and both parties and their respective companies provided mutual releases of all claims then known or unknown. Robert

---

[2] In his original and first amended petitions, Robert alleged claims for breach of contract, tortious interference, and fraudulent inducement (first only against Grover, then later against Grover and the other two appellants). However, in the second amended petition, the newly-added plaintiff, MRI Centers of Texas, LLC, brought all claims against all appellants, while Robert appeared to bring only fraudulent inducement and civil conspiracy claims against all appellants. In other words, in the second amended petition, it appears that Robert no longer included breach of contract or tortious interference claims against any of the appellants. Because of this, in our discussion regarding timeliness below, we do not refer to Robert's claims for breach of contract or tortious interference. Had Robert included such claims in the second amended petition, for the same reasons as those set forth below, appellants' TCPA motion would have been untimely as to those two claims by Robert against Grover but timely as to those two claims by Robert against Shields Management Group, L.L.C. and DFW Open MRI, L.P. Appellants' TCPA motion was filed eighty days after service of the original petition in which Robert asserted those two claims against Grover and forty three days after service of the first original petition in which Robert first asserted those claims against Shields Management Group, L.L.C. and DFW Open MRI, L.P. *See* TEX. CIV. PRAC. AND REM. CODE ANN. § 27.004(a) and our discussion below regarding timeliness. Even if Robert had asserted breach of contract or tortious interference claims against any of the appellants in the second amended petition, this would not alter the end result here, as we find that appellants have failed to satisfy their initial burden of demonstrating that the TCPA applies to appellees' claims.

accepted less for his ownership interests than their actual value because the parties agreed to give up all claims known or unknown against one another and to obtain a complete business divorce. Unfortunately, Grover had different plans. In the weeks leading up to the settlement agreement, Grover, individually and on behalf of the companies he owns, covertly pressured vendors to stop working with MRI Centers, the successor-in-interest to parties to the settlement agreement and thus tortiously interfered with MRI Centers' existing contracts. Grover and his companies continued this conduct even after the settlement agreement was signed. Defendants conspired with a business vendor of Robert's to conceal Defendants' involvement, thus fraudulently inducing Robert and his company to enter into the settlement agreement and representing to Robert that Defendants were releasing all claims then existing. Once the settlement agreement was executed, Defendants, through entities they control, continued to breach the agreement's express terms by causing suits to be filed against MRI Centers.[3]

Four days after appellees filed the second amended petition, appellants filed a motion to dismiss under the TCPA, alleging that appellees' lawsuit is based on, related to, or in response to the exercise of their right to petition and right of association in violation of the TCPA. In their motion, appellants state that appellees "brought this lawsuit . . . in retaliation for the fact that another entity, which is not a party to this suit, Virtual Chart Solutions I, Inc. ("VCSI") recently brought two suits of its own against [appellee] MRI Centers of Texas, LLC . . . alleging trade secret and copyright violations." Thus, appellants contend this lawsuit is in retaliation for two other lawsuits—one state, one federal—both brought by a separate entity, VCSI. With their motion, appellants submitted Grover's declaration, which authenticated the prior settlement agreement, and a complaint from the VCSI lawsuit.[4] Grover's declaration did not include any additional facts.

---

[3] Robert, Grover, Shields Management Group, L.L.C. and DFW Open MRI, L.P. are among the parties that entered into the prior settlement agreement that the parties refer to in their briefing. Other entities also entered into that agreement, including two entities that later merged into appellee MRI Centers of Texas, LLC.

[4] The motion stated that "VCSI came into existence after the ink was dry on the Settlement Agreement, and Robert and Grover had parted ways. . . . VCSI later brought two lawsuits against MRI Centers, and various other parties: *Virtual Chart Solutions I, Inc. v. Meredith*, Cause No. DC-15-03468 (116th Judicial District Court, Dallas Cty.) and *Virtual Chart Solutions I, Inc. v. Meredith*, Cause No. 4:17-cv-00546-ALM (E.D. Texas)." Grover included the second amended complaint from the federal lawsuit with his declaration in connection with the TCPA motion. That pleading indicates the claims are brought by a single plaintiff, VCSI, against 12 separate defendants, only one of whom is a party in this lawsuit (appellee MRI Centers of Texas, LLC). None of the appellants are parties in either lawsuit.

Appellees filed a response and included certain attachments, including an affidavit by a third party that authenticated some of the attachments, and Robert's declaration, which authenticated other attachments, identified certain parties, and stated facts about various matters, including the prior settlement agreement, negotiations, Grover's actions and Robert's lack of knowledge about them, Robert's reliance on certain matters during negotiations, actions Robert would have taken had he had additional knowledge, Robert's and his companies' work with Brian Meredith[5] in developing certain software, and certain spending in connection with defense of other lawsuits.

Appellants filed a reply in support of their motion, accompanied by Grover's supplemental declaration, which stated, in part:

> I affirm that in connection with Virtual Chart Solutions I, Inc.'s trademark and federal copyright lawsuits, I had many communications with the company's counsel, designed to collectively express, promote, pursue, or defend mine and Virtual Chart Solutions I, Inc.'s common interests, including many communications that were related specifically to those two judicial proceedings.

> I affirm that in connection with forming Virtual Chart Solutions I, Inc., I had communications with Brian Meredith that were designed to collectively express, promote, pursue, or defend our common interests related to that company and its planned business venture.

> I affirm that in connection with my companies' exclusive business partnership with Brian Meredith, I had numerous communications with Brian Meredith that were designed to collectively express, promote, pursue, or defend our common interests related to that business partnership.

Following a hearing, the trial court denied the motion, but the order did not specify a reason for the denial. This interlocutory appeal followed.

---

[5] Brian Meredith is a third-party software developer that had a business relationship with Grover, Robert, and their prior joint business venture prior to the filing of this suit.

## Analysis

### Standard of Review and TCPA Generally

The TCPA is meant "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The TCPA "protects citizens . . . from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

Section 27.005(b) of the TCPA provides:

> Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to *the party's exercise* of (1) the right of free speech; (2) the right to petition; or (3) the right of association.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b) (emphasis added). Thus, showing that the legal action is based on, related to, or in response to *another party's* exercise of those rights is insufficient. *Encore Enters., Inc. v. Shetty*, No. 05-18-00511-CV, 2019 WL 1894316, at *3 (Tex. App.—Dallas Apr. 29, 2019, pet. denied) (mem. op.) (stating that "the TCPA applies only if the plaintiff's lawsuit is based on, relates to, or is in response to the *defendant's . . .* exercise of one of the protected rights") (emphasis added); *see also ExxonMobil Pipeline Co. v. Coleman* (*Coleman II*), 512 S.W.3d 895, 900 (Tex. 2017) (stating, in context of free speech analysis, that "TCPA applicability requires only that the *defendant's* statements" be in connection with certain issues related to matters of public concern) (emphasis added). Here, the moving parties were appellants Grover, Shields Management Group, LLC, and DFW Open MRI, LLP, so as we analyze their arguments below, we consider each appellant's exercise of TCPA-protected rights, if any.

We review de novo the trial court's ruling on a motion to dismiss under the TCPA. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). We consider, in the light most favorable to

–5–

the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). We also review de novo whether the TCPA applies to a party's claims, ascertaining and giving effect to the legislature's intent as expressed in the language of the statute, considering the specific statutory language at issue and the TCPA as a whole, and construing the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. *Id.* at 424-25. We construe the TCPA "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b); *see State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018).

Our review of a TCPA ruling involves up to three steps. *Youngkin*, 546 S.W.3d at 679–80. First, appellants (as movants) must show by a preponderance of the evidence that the TCPA applies to appellees' claims by showing that the non-movant's legal action is based on, related to, or in response to appellants' exercise of the right of free speech, the right to petition, or the right of association. *See id.* at 679; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). Second, if appellants meet their burden, appellees (as non-movants) must then establish by clear and specific evidence a prima facie case for each essential element of their claims. *Youngkin*, 546 S.W.3d at 679; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Finally, if appellees satisfy that requirement, the burden then shifts back to appellants to prove each essential element of any valid defenses by a preponderance of the evidence. *Youngkin*, 546 S.W.3d at 679–80; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).[6]

---

[6] Because we conclude below that appellants failed to satisfy their burden at the first step of our analysis, we need not reach the question presented in a case where a TCPA movant "establishes by a preponderance of the evidence each essential element of a valid defense" as being an unconstitutional deprivation of the right to trial by jury. *See* Tex. Const. art. V, § 10 (right to have a jury resolve fact questions); *Goldberg v. EMR (USA Holdings) Inc.*, No. 05-18-00261-CV, 2019 WL 3955771, at *3 (Tex. App.—Dallas Aug. 22, 2019, no pet. h.); *Bass v. United Dev. Funding, L.P.*, No. 05-18-00752-CV, 2019 WL 3940976, at *16 n.19 (Tex. App.—Dallas Aug. 21, 2019, no pet. h.) (mem. op.).

Here, appellants raise a total of seven issues, one regarding the timeliness of their motion, and the remainder of which concern the parties' respective burdens under the TCPA. Because the trial court's order did not specify the reason for denying the TCPA motion, we begin with the issue of timeliness, and then proceed to our multi-step TCPA analysis.

*Timeliness*

In their first issue, appellants argue their September 28, 2018 TCPA motion was timely on all claims except Robert's fraudulent inducement claim against Grover. Appellees contend that appellants' motion was due on September 10, 2018, sixty days from service of the original petition on Grover, on the theory that Grover should be considered as the other appellants' alter egos and that the three appellants had fair notice of the claims when Grover was first served.

Based on the record before us, we agree with appellants. Parties have sixty days after service of the legal action to file a TCPA motion to dismiss. TEX. CIV. PRAC. AND REM. CODE ANN. § 27.003(b). The TCPA defines a "legal action" as a "lawsuit, cause of action, petition, complaint, cross-claim or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6).

Here, the motion was filed four days after service of appellees' second amended petition,[7] less than sixty days after service of Robert's first amended petition,[8] and more than sixty days after service of the original fraudulent inducement claim on Grover. Thus, appellants' motion was timely as to all claims except for Robert's fraudulent inducement claim against Grover. *See* TEX. CIV. PRAC. AND REM. CODE ANN. § 27.003(b); *Better Bus. Bureau of Metro. Dallas, Inc. v. Ward*, 401 S.W.3d 440, 443 (Tex. App.—Dallas 2013, pet. denied) (finding motion timely when filed less than sixty days after service of new claims against new defendant and stating that TCPA's

---

[7] The second amended petition added a new claim of civil conspiracy and added MRI Centers of Texas, L.L.C. as a new plaintiff.

[8] The first amended petition added Shields Management Group, L.L.C. and DFW Open MRI, L.P. as new defendants.

definition of legal action "is broad and evidences a legislative intent to treat any claim by any party on an individual and separate basis"). Accordingly, we conclude that the motion to dismiss was timely as to all claims except for Robert's fraudulent inducement claim against Grover. We sustain appellants' first issue.

*Right to Petition*

In their second issue, appellants argue that the trial court erred in denying their TCPA motion because appellees' lawsuit is based on, relates to, or is in response to their exercise of the right to petition.[9] As with the exercise of other rights protected by the TCPA, to establish their initial burden regarding the exercise of their right to petition, appellants must demonstrate that they engaged in a "communication" as defined in the TCPA. *Dyer*, 573 S.W.3d at 425, 429; TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4).

Here, appellants base their right to petition argument on TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i), arguing that appellees' lawsuit is based on, related to, or in response to communications made "in or pertaining to a judicial proceeding", namely, the VCSI lawsuits. Appellees dispute this and argue appellants have failed to show that they exercised their right to petition.

For Shields Management Group, LLC and DFW Open MRI, L.P., there is nothing in either the pleadings or in the declarations that shows any exercise of a right to petition under TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i). Thus, because Shields Management Group, LLC and DFW Open MRI, L.P. have failed to demonstrate any exercise of a right to petition under the TCPA, we affirm the trial court's denial of their motion. *See Encore Enters., Inc.*, 2019 WL 1894316, at \*3 (concluding that a party must rely on its own exercise of TCPA-related rights, not a third party's).

---

[9] Appellants' third point, which we address in the next section, relates to their asserted exercise of the right of association. Appellants do not make, and we thus do not consider, any arguments regarding any exercise of the right of free speech.

Though Grover attempted in his supplemental declaration to provide some evidence of his exercise of a right to petition, that information is insufficient to satisfy his initial TCPA burden, as it consists only of Grover's conclusory statement that, "I had many communications with [VCSI's] counsel . . . including many communications that were related specifically to those two judicial proceedings."

The pleadings and declarations submitted in connection with Grover's TCPA motion contain no other information about communications by Grover in or pertaining to the VCSI lawsuits or any other judicial proceeding. Absent from Grover's declaration is any indication of the content and context of those "many communications," or whether they pre- or post-dated the filing of the VCSI actions, or were a mixture of both. In *Levatino v. Apple Tree Café Touring, Inc.*, 486 S.W.3d 724 (Tex. App.—Dallas 2016, pet. denied), we concluded that the phrase "judicial proceeding" as used in TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(4)(A)(i) refers to "an actual, pending judicial proceeding" and rejected an argument that it includes anticipated or potential future judicial proceedings. *Id.* at 728–29. Here, there is no evidence before us indicating what communications, if any, that Grover made in or pertaining to the VCSI lawsuits once those lawsuits were filed. Instead, Grover submits only vague and indeterminate references to communications with VCSI's counsel, which may have simply predated the VCSI lawsuits. Thus, we conclude Grover has failed to demonstrate that he exercised a right to petition as defined by the TCPA.

Further, even if he had confined his communications to those that post-dated the VCSI filings, Grover has still failed to establish by a preponderance of the evidence that appellees' lawsuit is based on, relates to, or is in response to those communications. In reviewing a trial court's decision on a TCPA motion to dismiss, we consider the pleadings in the light most favorable to the non-movant, *see Dyer,* 573 S.W.3d at 424, and we will not "blindly accept attempts by [appellants] to characterize [appellees'] claims as implicating protected expression."

*Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd); *see also Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet. h.) (mem. op.). In other words, we "favor[] the conclusion that the claims are not predicated on protected expression." *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at *4 (Tex. App.—Dallas July 3, 2019, no pet. h.) (mem. op.). Here, the crux of appellees' claims against Grover is his alleged tortious conduct during the dissolution of certain business entities and the creation of another—events that occurred before the VCSI lawsuits.

The facts here are similar to those addressed in *Beving v. Beadles*, 563 S.W.3d 399 (Tex. App.—Fort Worth 2018, pet. denied). That case involved the dissolution of a law firm, the creation of another, and a later filed lawsuit involving disputes over the dissolution and creation of those entities and the use of certain software. *Id.* at 402. In connection with that suit, Beving, the former law firm's comptroller and director of human resources, was deposed and submitted an affidavit. *Id.* After she provided her deposition and affidavit testimony, she was added as a third party defendant, where she was sued for breach of fiduciary duties, tortious interference with contract, tortious interference with prospective relations, fraud, fraud by nondisclosure, aiding and abetting, conspiracy, and unjust enrichment. *Id.* at 403.

Beving filed a TCPA motion to dismiss, arguing that the claims against her were based on, related to, or in response to her communications in a judicial proceeding. *Id.* The trial court denied Beving's TCPA motion, and the court of appeals affirmed, concluding that while Beving's deposition testimony and affidavit were an exercise of the right to petition under section 27.001(4)(A)(i), she failed to establish by a preponderance of the evidence that the claims against her were based on, related to, or in response to her deposition testimony or affidavit. *Beving*, 563 S.W.3d at 406–08. The court also noted that, even if she had done so, "the claims are still also based on, related to, or in response to other activity unprotected by the TCPA—i.e., Beving's

–10–

actions during the break-up of [the former law firm] and the formation of the new firm"—and as such the legal action was not subject to dismissal in its entirety. *Id*. at 409 (citing *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied)). The court concluded, "Because, at best, [the non-movants' claims against Beving] are based on a mix of protected and unprotected activity, and because Beving does not provide us guidance for how to determine which claims are in response to protected rather than unprotected conduct, nor are we able to identify a means to accomplish the task, the trial court did not err by denying her motion." *Id*.

In contrast to *Beving*, where the context, content and timing of the communications were known, the record here is insufficient to establish that Grover or the other appellants exercised a right to petition, which thus allows us to affirm the trial court's decision on this issue based on that fact alone. However, like *Beving*, even if appellants had done so, appellants have not established by a preponderance of the evidence that appellees' claims are based on, related to, or in response to any such exercise.

Finally, Grover has failed to set forth the content of his "many communications" with VCSI's counsel. Thus, we are left to guess what those conversations entailed. If, for example, Grover discouraged VCSI's counsel from initiating or prosecuting all or a part of the claims that VCSI filed, or merely inquired of VCSI's counsel as to the status of the lawsuits, then appellees' suit here clearly would not be based on, related to, or in response to those communications, and thereby implicate Grover's right to petition.[10]

---

[10] Without knowing the content of the communications between Grover and VCSI's attorney, we also cannot determine whether construing the TCPA to encompass those communications would result in "a potentially absurd result that was not contemplated by the Legislature." *Erdner v. Highland Park Emergency Ctr., LLC*, No. 05-18-00654-CV, 2019 WL 2211091, at *5 (Tex. App.—Dallas May 22, 2019, no pet. h.) (construing free speech provision of TCPA); *see also U.S. Anesthesia Partners of Texas, P.A. v. Mahana*, No. 05-18-01414-CV, 2019 WL 4044086, at *5 (Tex. App.—Dallas Aug. 27, 2019, no pet. h.) (same). Effectively, we have no content-based communication at all that we may assess. For TCPA analysis purposes, this is akin to withholding a statement, which is not a communication under the Act. *See Krasnicki v. Tactical Entm't, LLC*, No. 05-18-00463-CV, 2019 WL 2136155, at *4 (Tex. App.—Dallas May 16, 2019, pet. denied).

Thus, for these reasons we conclude appellants have failed to satisfy their initial TCPA burden with respect to their alleged exercise of a right to petition and overrule their second issue.

*Right of Association*

In their third issue, appellants claim the trial court erred in denying their TCPA motion because appellees' claims are based on, related to, or in response to the exercise of their right of association. They contend that they exercised such right through Grover's communications with VCSI's counsel and with Brian Meredith. Appellees disagree and contend that they did not exercise a right of association protected under the TCPA. We agree with appellees.

To establish an exercise of the right of association, appellants must first show they engaged in "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2). In addition, in interpreting this section of the TCPA, we have repeatedly held that a movant must demonstrate that the communication involved public or citizen's participation. *Dyer,* 573 S.W.3d at 426–27; *see also Forget About It, Inc. v. Biote Medical, LLC*, No. 05-18-01290-CV, 2019 WL 3798180, at *5 (Tex. App.—Dallas Aug. 13, 2019, no pet. h.); *Pearl Energy Inv. Mgmt., LLC v. Gravitas Res. Corp.*, No. 05-18-01012-CV, 2019 WL 3729501, at *5 (Tex. App.—Dallas Aug. 7, 2019, no pet. h.) (mem. op.); *Lei v. Natural Polymer Int'l Corp.*, No. 05-18-01041-CV, 2019 WL 2559756, at *5 (Tex. App.—Dallas June 21, 2019, no pet.); *ExxonMobil Pipeline Co. v. Coleman,* 464 S.W.3d 841, 848 (Tex. App.—Dallas 2015) (*Coleman I*), *rev'd on other grounds,* 512 S.W.3d 895, 900–01 (Tex. 2017) (per curiam) (*Coleman II*).[11] Appellants fail to do either.

---

[11] As we noted in *Dyer*, we concluded in *Coleman I* that the communications at issue were not made in the exercise of the right of free speech or of association as defined by the TCPA. 464 S.W.3d at 845–49. The supreme court reversed our opinion on the basis that the communications, although private, related to a matter of public concern and, therefore, constituted the exercise of the right of free speech as defined by the TCPA. *Coleman II*, 512 S.W.3d at 900–01. The supreme court "express[ed] no opinion on whether the challenged communications were made in the exercise of the right of association under the TCPA." *Id.* at 902.

For Shields Management Group, L.L.C. and DFW Open MRI, L.P., we have no evidence of any communications by either entity and thus have no evidence of any exercise of a right of association. *See Encore Enters., Inc.*, 2019 WL 1894316, at \*3 (concluding that a party must rely on its own exercise of TCPA-related rights, not a third party's).

For Grover, he submits only conclusory information about communications between him and VCSI's attorney and between him and Brian Meredith, stating:

> I had many communications with the company's counsel, designed to collectively express, promote, pursue, or defend mine and Virtual Chart Solutions I, Inc.'s common interests . . . .

> [I]n connection with forming Virtual Chart Solutions I, Inc., I had communications with Brian Meredith that were designed to collectively express, promote, pursue, or defend our common interests related to that company and its planned business venture.

> [I]n connection with my companies' exclusive business partnership with Brian Meredith, I had numerous communications with Brian Meredith that were designed to collectively express, promote, pursue, or defend our common interests related to that business partnership.

Further, even if these statements were sufficiently detailed, appellants have offered no proof that such communications involved public or citizen's participation, which is a necessary element for establishing a TCPA claim based on the right of association. *Dyer,* 573 S.W.3d at 426-27. Thus, we conclude that appellants did not satisfy their initial burden of establishing by a preponderance of the evidence that appellees' claims are based on, related to, or in response to an exercise of their right of association. We overrule appellants' third issue.

### Conclusion

We sustain appellants' first issue regarding timeliness and overrule their second and third issues regarding their exercise of the right to petition and right of association. Because we find that appellants did not satisfy their initial burden of establishing by a preponderance of the evidence that appellees' claims are based on, related to, or in response to an exercise of either right,

–13–

we need not address appellants' other issues.  We affirm the trial court's order denying appellants' motion to dismiss.

/Ken Molberg/
KEN MOLBERG
JUSTICE

181539F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GROVER SHIELDS, SHIELDS
MANAGEMENT GROUP, L.L.C. AND
DFW OPEN MRI, L.P., Appellants

No. 05-18-01539-CV     V.

ROBERT SHIELDS AND MRI CENTERS
OF TEXAS, LLC, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-08556.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ROBERT SHIELDS AND MRI CENTERS OF TEXAS, LLC recover their costs of this appeal from appellants GROVER SHIELDS, SHIELDS MANAGEMENT GROUP, L.L.C. AND DFW OPEN MRI, L.P.

Judgment entered this 29th day of August, 2019.